.MORSE *v.* LOWE.

1. WILLS—DESCENT—NEXT OF KIN—RELATIONSHIP.
Under the terms of a devise to testator's son for life and at the son's death to his children, if any, or, if he leave no issue, to his "next of kin by blood relationship," his father's sister, a sister of his mother and a half brother and half sister of the mother were entitled to equal shares of the property upon the decease of the son without issue.

2. SAME—ESTATES OF DECEDENTS.
The statute of descent, 3 Comp. Laws, §§ 9064, 9068 (4 How. Stat. [2d Ed.] §§ 10959, 10963), has no application to lands which are lawfully devised; and the method of determining the relationship is to be based on the rules of the civil law. Next of kin includes half blood as well as whole blood.[1]

Appeal from Oakland; Smith, J. Submitted June 22, 1914. (Docket No. 45.) Decided October 2, 1914.

Bill by John E. Morse and others against Deborah Lowe for the construction of a will. From a decree for complainants defendants appeal. Affirmed.

*Patterson & Patterson,* for complainants.

*C. C. Yerkes,* for defendant.

BROOKE, J. The bill of complaint in this cause is filed for the purpose of obtaining a construction of one section of the last will and testament of John W. Morse who died March 19, 1903. The clause in question follows:

---

[1] As to the meaning of "next of kin," see note in 15 L. R. A. 300.
On the right of persons claiming through deceased relative to participate with those standing in equal degree of relationship with such relatives, in provision for "next of kin," etc., see note in 28 L. R. A. (N. S.) 479.

"*Second:* I give, devise and bequeath to my son, Rollin J. Morse, for and during the term of his natural life the net use and income of the west half of the southeast quarter of section five and the west half of the northeast quarter of section eight, all in township one north of range eight east, Michigan, and at the death of the said Rollin J. Morse, I give, devise and bequeath the same to his children if any, and if my said son Rollin J. Morse shall die leaving no issue him surviving, then and in that case, I give, devise and bequeath the same to his next of kin, by blood relationship."

Rollin J. Morse died without issue in the month of April, 1912. His nearest relatives at the time of his death were the following: (1) Deborah Lowe, defendant (since deceased), a full sister of his father; (2) Susan Rollin Jones, a full sister of Sarah Rollin Morse, his mother; (3) Mary E. Ackley, a half-sister of his mother; (4) John E. Morse, a half-brother of his mother. No one except the four persons above named has or claims to have any interest in the estate, except that, defendant having died since this suit was commenced, her daughters, Katie M. White, Mary Severance, and Myrtle Ford have been substituted as defendants in her place. By the decree of the court below it was determined that the complainants, John E. Morse and Mary E. Ackley, half brother and sister respectively, of the mother of Rollin J. Morse, and Susan Rollin Jones, full sister of the mother of Rollin J. Morse, were each entitled to one-quarter of the estate, and that the three daughters of Deborah Lowe were entitled to the other undivided one-fourth interest in equal shares. From this decree the defendants, being said daughters of Deborah Lowe, appeal.

Chapter 242, 3 Comp. Laws, is entitled, "Of title to real property by descent." Section 1 thereof provides:

"When any person shall die seised of any lands, tenements or hereditaments, or of any right thereto,

or entitled to any interest therein in fee simple, or for the life of another, not having lawfully devised the same, they shall descend, subject to his debts, in the following manner:"

Section 9068 (4 How. Stat. [2d Ed.] § 10963), provides:

"The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance comes to the intestate by descent, devise, or gift of some one of his ancestors, in which case, all those who are not of the blood of such ancestor shall be excluded from such inheritance."

The contention of appellants is stated as follows:

"It is the contention of the defendants that where the terms of the will provided that the fee of the property in question should go to the next of kin of Rollin J. Morse, by blood relationship, it was intended and contemplated that the statute above referred to was, to all intents and purposes, incorporated as a provision of the will in question for its proper construction and interpretation, and that if it is necessary to take the provisions of this section to which the complainants have resorted for the meaning of the term 'next of kin by blood relationship,' all of the provisions of such section must be so employed. In other words, that the obvious intent of the testator was that the property in question should go to Rollin J. Morse for his lifetime and at his death it should go to his next of kin in precisely the same manner as if Rollin J. Morse had died intestate owning the fee of the property in question."

In support of appellants' contention the following cases are cited: *Lincoln* v. *Perry,* 149 Mass. 368 (21 N. E. 671, 4 L. R. A. 215) ; *Bayley* v. *Beekman,* 197 N. Y. 593 (91 N. E. 1110) ; *Harris* v. *Newton,* 46 L. J. Ch. n. s. 268; *Ashton's Estate,* 134 Pa. 390 (19 Atl. 699; *Parrish* v. *Groomes,* 1 Tenn. Ch. 581. We have

examined all of these cases but do not consider them controlling of the point in issue. It should be borne in mind that the statute above quoted has no application because John W. Morse, the maker of the will in question, did not die seised of any lands, *et cetera, not having lawfully devised the same.* The statute of descent clearly has no application to property which has been lawfully devised. Upon the death of Rollin J. Morse the estate in question is devised to his next of kin by blood relationship. This would seem to be a definite and ascertainable class, and the only question for determination is who falls within that class. The term "next of kin" signifies those who stand in the nearest relationship to Rollin J. Morse according to the rules of the civil law for computing degrees of kinship. *Clark* v. *Mack,* 161 Mich. 545 (126 N. W. 632).

Jarmon in his Treatise on Wills, vol. 2 (5th Am. Ed.), p. 643, says:

"A devise or bequest to next of kin creates a joint tenancy in the nearest blood relations in equal degree of the *propositus;* such objects being determined without regard to the statutes of distribution."

In a note to the text it is said:

"It may be added that in the absence of any reference to the statute of distributions, the next of kin and their degree of kinship are to be ascertained by the rules of the civil law" (citing 2 Kent's Com. 233; 2 Redfield on Wills, 77).

And, further:

"Next of kin, unless otherwise expressed, includes half blood as well as whole blood" (citing Wms. Ex'rs [6th American Ed.] 1208; Theobold on Wills, 168; *Cooper* v. *Denison,* 13 Sim. 290; *Cotton* v. *Scarancke,* 1 Mad. 35; *Grieves* v. *Rawley,* 10 Har. 63).

The three complainants and the deceased defendant, Deborah Lowe, stand in the same degree of consanguinity to Rollin J. Morse if the computation is made

according to the civil law, which must be done irrespective of the statute.    See authorities cited *supra*. Whether the expression in the will, "by blood relationship," was intended to limit the devise to those next of kin of Rollin J. Morse having the largest amount of blood of Rollin J. Morse in their veins or not, it is impossible to determine, but it would seem that the term was intended rather to describe a class than indicate a distinction between members of that class. As a matter of fact Mary E. Ackley and John E. Morse, two of the complainants, half brother and sister to Rollin Morse's mother, and who would be excluded from this devise by defendant's theory, have more of the blood of Rollin J. Morse in their veins than have either Susan Rollin Jones, his mother's full sister, or Deborah W. Lowe, his father's full sister, for the reason that Mary E. Ackley and John E. Morse are not only son and daughter of his grandmother upon his mother's side, but they are son and daughter of S. K. Morse, who was a full brother of his father. However, as before pointed out, we think this distinction was not intended by the testator.

We are of opinion that the conclusion reached by the learned circuit judge was the correct one, and his decree is therefore affirmed, with costs.

MCALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.