### In the Matter of the Estate of SAMUEL MOSS, Deceased.

Surrogate's Court, Bronx County, June 21, 1930.

*Herbert Ascher*, for the executrix, Frieda Moss.

*William L. Schwartz*, for the executor, Jack J. Dorman.

*Joseph J. Silver*, special guardian.

HENDERSON, S. The objection of the special guardian to the payment of $7,720.20 to the accounting executors " as trustees " for his infant ward, Sylvia Moss, requires a determination as to whether the decedent created in his will a formal trust for her benefit or whether he made her an absolute gift. The will, in so far as is now material, reads as follows:

" *Sixth.* All the rest, residue and remainder of my estate is to be divided into three equal parts to be disposed of as follows: * * *

" I give, devise and bequeath one of such equal parts to my beloved daughter, Sylvia Moss, to be held in trust however, until she shall have attained the age of twenty-one years.

" *Seventh.* I hereby nominate, constitute and appoint my beloved wife, Frieda Moss, and Jack J. Dorman of Brooklyn, New York, as Executors of this my Last Will and Testament, directing that my said Executors may act without giving bond or other security."

When the intention of the testator can be ascertained from the will itself, there is no necessity for resorting to rules and canons of construction, and it must be given effect unless it violates some statute. (*Greene* v. *Greene,* 125 N. Y. 506, 512; *Matter of Buechner,* 226 id. 440, 444; *Matter of Rooker,* 248 id. 361, 364.) A reading of the entire will leaves no doubt in my mind that the testator merely intended to postpone the time of payment of a present vested gift to the infant, and that he did not intend to create any formal trust. Although he made use of the technical words " to be held in trust however," they follow the most comprehensive and legal language of an absolute present gift, and he refrains from any reference at all to the usual incidents of a trust. No holder of the trust is named, other than the infant, and it would be absurd to argue that he intended to make her a trustee although that is the literal import of his language. If that were his intention it cannot be given effect for he named no beneficiary and defined no valid trust purposes. (*Matter of Catlin,* 97 Misc. 223, 227; affd., 179 App. Div. 926; *Matter of Martin,* 135 Misc. 18; *Holland* v. *Alcock,* 108 N. Y. 312, 318; *Reynolds* v. *Reynolds,* 224 id. 429, 432.) No uses or purposes of a trust are defined. No powers in trust are given to any one. No duties of a trust character are imposed upon any one. There is no direction that the executors shall have anything to do with the estate beyond the ordinary conduct of the administration. There is no gift over and no disposition of the income is made. If the testator did intend to create a valid trust, he did not employ the proper means. (*Moore* v. *Moore,* 47 Barb. 257, 259, 263; *Matter of Fritsch,* 80 Misc. 385; *Matter of Catlin, supra; Bliven* v. *Seymour,* 88 N. Y. 469, 477; *Syracuse Savings Bank* v. *Holden,* 105 id. 415,

418.) By substituting the words " to be paid to her when " for those last quoted, legal effect can be given to his intention to vest the gift in his daughter with the time of payment postponed. (*Manice* v. *Manice*, 43 N. Y. 303, 369; *Bushnell* v. *Carpenter*, 92 id. 270; *Cammann* v. *Bailey*, 210 id. 19, 27; *Fulton Trust Co.* v. *Phillips*, 218 id. 573, 582.) There is no disposition of the income, nor any direction for its accumulation, and no accumulation should, therefore, be made by the executors. The beneficiary is an infant child of the testator for whose maintenance he made no other provision in his will. It is reasonable, therefore, to presume that he intended the income to be used for her maintenance. (*Brown* v. *Knapp*, 79 N. Y. 136, 141; *Lyon* v. *I. S. Association*, 127 id. 402, 406.)

I hold that the testator gave a vested interest in one-third of the residuary estate to his infant daughter, the income of which is payable to her guardian as it accrues and the principal of which is payable to her upon her attaining the age of twenty-one years.

This construction sustains the objection of the special guardian, and the executors will be surcharged with the amount for which they claim credit by a payment to themselves " as trustees for Sylvia Moss." Settle decision and decree on accounting accordingly.