In the Matter of the Accounting of the WESTCHESTER TRUST COMPANY, Respondent, as Substituted Trustee under the Will of MARGARET DE FRATE HODGMAN, Deceased.

NINA VON BACH SEAMAN, Individually and as Executrix of ALLAN H. SEAMAN, Deceased, Appellant; JANE S. VAN ETTEN et al., Respondents.

*Matter of Westchester Trust Co.*, 173 App. Div. 403, affirmed.
(Argued November 23, 1916; decided December 12, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

June 23, 1916, modifying and affirming as modified a decree of the Westchester County Surrogate's Court. The sole question presented by the appeal is the construction of a part of the fourth clause of Mrs. Hodgman's will, by which the trust was created, and of which the following is a copy: "And the remaining equal fifth part I give and bequeath to my executors, or those of them who shall qualify as such, and the survivors or survivor of them, in trust to hold the same during the life of my daughter Mary Louisa Seaman, and to pay her the net income thereof, semi-annually, during her life, and upon her death, to pay and transfer the principal thereof to her lawful issue, or in default of such issue, to divide the same equally among her brothers and sister, the descendants of any deceased brother or sister to take the share their parent would have been entitled to if living." At the time of the creation of the trust Mary L. Seaman had two children living, a son, Allan H. Seaman, and a daughter, Jane S., now wife of John De C. Van Etten, the respondent on this appeal. No other child was born to her thereafter. Allan H. Seaman died before his mother, leaving a widow, the appellant Nina Von Bach Seaman, but no child or descendant. He left a will giving all his property to said wife, and appointed her sole executrix. On behalf of the respondent Jane S. Van Etten, it is claimed that the remainders did not vest until the death of the life beneficiary, and that the respondent, being her sole surviving issue and descendant, is entitled to the whole of the trust estate. In behalf of the appellant Nina Von Bach Seaman, individually and as executrix of the will of Allan H. Seaman, it is claimed that the said Allan H. Seaman took a vested remainder upon the death of the testatrix, and that such interest passed by his will and is now vested in the appellant. The surrogate decided that Allan H. Seaman took a vested remainder on the death of the testatrix, and that it passed by his will to the appellant, and the decree was made in accordance with that decision. The Appellate Division reversed this decision and modified the decree by

directing the payment of the trust fund to Jane S. Van Etten.

*Henry Willis Smith* for appellant.

*Clarence L. Westcott* and *Egbert C. Simonson* for respondents.

Order affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ.