MAY JONES et al., Appellants, v. HANNAH N. PARSONS, Appellee.

**WILLS:** Construction—Remainders to "Nearest Blood Connection."

1   A devise of a life estate to a daughter (who dies without issue), with remainder to the life tenant's "nearest blood connection," carries the remainder (neither parent surviving) to the sole

surviving sister of the life tenant, in preference to surviving nephews and nieces.

REMAINDERS: Vested or Contingent—Wills—Intent of Testator.
2  A devise of a life estate, with evident contemplation that the remainder would pass to the possible children of the life tenant, but with a later specific provision that the remainder shall pass to the life tenant's "nearest blood connection," with a further provision for trusteeship over the property during the life of the life tenant, postpones a vesting of the remainder *until the death of the life tenant.*

*Appeal from Scott District Court.*—WILLIAM THEOPHILUS, Judge.

MARCH 12, 1918.

SUIT in partition of real estate. The defendant claims to be the sole owner of the property, and denies the right of the plaintiffs to any participation therein. The question at issue involves the construction of a will. The trial court found for the defendant, and the plaintiffs appeal.—*Affirmed.*

*Helmick & Boudinot,* for appellants.

*Wilson, Grilk & Wilson,* for appellee.

EVANS, J.—I. The parties all claim un-
1. WILLS: construction: remainders to "nearest blood connection." der the will of Revilo Noble, a common ancestor of all the parties. The defendant is the daughter of such testator. The plaintiffs are grandchildren, being children of the deceased children of the testator. The will of the testator was executed in June, 1872, and probated in September of the same year. He was survived by four daughters and the children of a deceased son. Paragraph 1 of his will was as follows:

"It is my will that at the time of my decease all honest debts against me together with my funeral expense be fully

and honestly paid. The remainder of my property to be divided among my four daughters Caroline R. Taylor, Matilda S. Mitchell, Mariah P. Sturges and Hannah R. Noble for their own exclusive right and their children after them and my said daughters have the proceeds of said property for their own benefit to the exclusion of all persons whomsoever."

This paragraph was followed by other paragraphs, which specified the particular property which he assigned to each daughter; also the property which he assigned to the children of his deceased son. Matilda S. Mitchell was one of the daughters of the testator. Paragraph 4 of the will was as follows:

"I give, grant and bequeath unto my second daughter Matilda S. Mitchell for her own benefit during her natural life the profits accruing from the rents of the east forty acres of my eighty acres on Section Two joining Logan's pasture by the said Matilda paying her share of the taxes and keeping the fence in repair, no timber shall be taken off the said forty except for the repairs of fences, also two one hundred dollar government U. States 5-20 bonds, also a note against her husband for four hundred and twenty dollars with the interest thereon, also one fourth of the money after the estate shall be settled. At the death of the said M. S. Mitchell, the property herein willed to her shall go to her nearest blood connection. I hereby constitute and appoint John K. Means trustee of S' property to be managed for the exclusive benefit of the said M. S. Mitchell."

Mrs. Mitchell died in January, 1917, leaving no issue. The defendant, Hannah M. Parsons, is her sole surviving sister. She was not survived by either parent. The plaintiffs, being children of the deceased brother and sisters, claim that they are entitled to take, under the terms of Paragraph 4, as being included in the class "her nearest blood connection." The argument is that the terms descrip-

tive of the class were intended to denote those who were so related to Mrs. Mitchell that they would take her estate by descent, under the statute.

Under our statute, degrees of consanguinity are determined by the rules of the civil law. Code Section 48, Paragraph 24. Paragraph 1 of the will indicates that it was the intention of the testator that Mrs. Mitchell's issue should take the remainder, if issue survived. If children had survived her, there could be no question but that they would be deemed to be "her nearest blood connection," to the exclusion of every other connection. In the absence of children, a surviving parent, if any, would necessarily have been deemed to be "her nearest blood connection." In the absence of a surviving parent, surviving brothers and sisters would take the place. Manifestly, a sister is a nearer blood connection than a nephew or a niece; and this is so even though nephews and nieces may have the same right of inheritance *per stirpes* as a brother or sister. Such right of inheritance is purely statutory, and does not in any manner change the degree of consanguinity sustained by the heirs so inheriting. The parties hereto take their title, if at all, not as heirs, but as devisees under the will of Revilo Noble. They take by purchase, and not by descent. *Parker v. Foxworthy,* 167 Iowa 649. The question before us, therefore, is not, Who are the heirs of Mrs. Mitchell? but, Who are or is "her nearest blood connection?" Similar expressions have been considered in the following cases: *Locke v. Locke,* 45 N. J. Eq. 97 (16 Atl. 49), *Redmond v. Burroughs,* 63 N. C. 242, *Swasey v. Jaques,* 144 Mass. 135 (10 N. E. 758), *Smith v. Egan,* 258 Mo. 569 (167 S. W. 971),—and have been held to refer to the degree of consanguinity. Appellant cites, as holding to the contrary, *Estate of Sander,* 126 Wis. 660 (105 N. W. 1064); *Morse v. Lowe,* 182 Mich. 607 (148 N. W. 970). We think these cases do not sustain the appellants' contention.

Giving effect, therefore, to the terms used by the testator in his will, it must be said that the surviving sister is the "nearest blood connection" of Mrs. Mitchell. The plaintiffs, being further removed in blood connection, are excluded from the class by the terms descriptive thereof.

2. REMAINDERS: vested or contingent: wills: intent of testator.

II. It is argued for the appellants, however, that the remainder vested at the death of the testator; whereas the argument for the appellee is founded upon the theory that the remainder was contingent. In the light of Paragraph 1, which clearly contemplated that the remainder should go to the children of Mrs. Mitchell, if any she should have, and in the light of other provisions in Paragraph 4, whereby a trustee was appointed to hold the property during the life of Mrs. Mitchell, we think it must be said that the testator intended the remainder to be contingent, and not to vest until the death of Mrs. Mitchell. At the death of the testator, children to. Mrs. Mitchell were probable,—at least, possible. If children had later been born, and had survived, or even if they had died, leaving issue, it would be a harsh construction of the will which would prevent their taking as the "nearest blood connection" of their mother. Yet such would be the result if the remainder should be deemed to have vested in the sisters of Mrs. Mitchell at the time of the death of the testator. We think it quite clear, from a consideration of the will as a whole, that the intent of the testator was otherwise. The decision of the trial court on a demurrer to the answer was in harmony with these views, and its order is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.