ANNA HAAS, Plaintiff, *v.* ELIZA GAN SPEENBURGH et al., Defendants.

Supreme Court, Greene Special Term, February, 1924.

Wills — construction — " nearest kin " means those in nearest degree of consanguinity — when devise vests in testator's surviving brother and sister as " nearest kin " to the exclusion of other heirs at law.

The words " nearest kin " in a will mean those in the nearest degree of consanguinity.

Under section 1018 of the Civil Practice Act no person other than a joint tenant or a tenant in common can be a plaintiff in an action for the partition of real property.

A testator, who died without descendants, devised and bequeathed his farm and all stock and utensils to his wife for life and at her death to A. for life. In case A. married and had heirs then the farm, stock and utensils were to be divided equally among his heirs, and if there were none such, then the farm and stock were at the death of A. to be divided equally among the testator's " nearest kin." The surviving widow of testator is now dead and A., who never married, died after the testator. *Held*, that " nearest kin " as used in the will meant those who were nearest to the testator in degree of consanguinity and that the farm vested in his brother and his sister, both of whom survived him, and that their right to the possession of the farm became absolute upon the termination of the intermediate or precedent estates.

The parties to an action for partition of the farm in addition to the heirs of the surviving brother and sister of the testator included his nephews and nieces living at the time of his death and the heirs at law of those who had since died. The referee appointed to take proof of the interests of the parties based

a finding that plaintiff's interest was an undivided one-fourth part in the premises, upon a conclusion that under the will of testator his nephews and nieces shared with his brother and sister as heirs at law and directed a distribution on the theory that the term "nearest kin" meant heirs at law irrespective of the degree of consanguinity. *Held*, that a motion for the confirmation of the referee's report and for an interlocutory judgment of partition and sale will be denied and the complaint dismissed.

APPLICATION for confirmation of referee's report and for interlocutory judgment of partition and sale.

*Percy W. Decker*, for plaintiff.

*Arthur E. Conner*, for defendants Oscar Van Valkenburgh and Elizabeth Davis.

*Herbert C. Kibbe*, for defendants Addison Johnson and Ira R. Johnson.

*Samuel H. Fancher*, for defendants Leon A. Johnson and Martha B. Johnson.

*L. F. Raymond*, for defendant Mary Cook.

*Harry J. Mosher*, guardian *ad litem*.

*John C. Welsh*, for defendant Minnie March, as executrix and guardian *ad litem*.

STALEY, J. Upon the pleadings and the report of the referee filed herein, the plaintiff applies for confirmation of the referee's report and for an interlocutory judgment of partition and sale.

Daniel Gan died in 1902, without descendants, leaving a will which was duly probated in Greene county. His property consisted in part of a farm which is the subject of this action. At the time of his death he left him surviving Eliza E. Gan, his widow, Isaac Gan, a brother, and Adaline Van Valkenburgh Lloyd, a sister, and nephews and nieces, the children of two deceased sisters.

His will so far as material contained the following provisions:

" *First.* After all my lawful debts are paid and discharged, I give, devise and bequeath to my wife Eliza E. Gann to have the use of my farm all stock and utensels her natural life.

" *Secont.* I give and bequeth to Almet Van Valkenburgh after my wife ' Eliza E. Gam ' death the use of said farm stock and utencils his natural life and in case he gets married and has heirs, then said farm and stock & utencels to go to said Almet Van Valkenburgh heirs; to be divided equaly between said Almet Van Valkenburgh heirs and if said Almet Van Valkenburgh has no

heirs there said farm and stock after his death to be divided equa*ly* between my nearest kin."

Eliza E. Gan, the widow of the testator, is now dead as is also Almet Van Valkenburgh, who died without having married and leaving no issue.

The parties to the action in addition to the heirs at law of Isaac Gan and Adaline Van Valkenburgh Lloyd, include the nephews and nieces of the testator living at the time of his death and the heirs at law of those who have since died.

The referee has directed a distribution on the theory that the term "nearest kin," as used in the will, means heirs at law, irrespective of the degree of consanguinity, and the issue is presented as to whether such term signifies those standing in the nearest blood relationship to the testator or is to be accepted as meaning the heirs at law who would inherit under the Statute of Descent. If the former interpretation is correct, only the heirs at law or devisees of the deceased brother and sister living at the time of the death of Daniel Gan are the owners of the property and entitled to share in the distribution of the proceeds of its sale.

The supreme test of construction of a will is the intention of the testator. Each will must be read and construed with reference to its peculiar provisions and to the circumstances attendant upon its making. *Central Trust Co.* v. *Egleston*, 185 N. Y. 23, 29. The intention of the testator is to be ascertained by a construction of the whole instrument; words are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be justified; every provision in a will must be given some effect, rather than rendered meaningless and inoperative. While language must be subordinated to the intention, where the language is clear and unambiguous rules of construction are not to be used to make a will for the testator and impute to his words an intention which they do not import. *Tilden* v. *Green,* 130 N. Y. 29, 51, 52; *Leggett* v. *Stevens*, 185 id. 70, 77.

The will of Daniel Gan as a whole sheds no light upon the intention of the testator or upon the meaning in which he used the term "nearest kin" as distinguished from the plain and definitive meaning of the words used, except as it is related to a devise of real property and as so related was clearly intended to refer to and mean the heirs of the testator. *Tillman* v. *Davis*, 95 N. Y. 17.

The term "nearest" means nearest in degree, counting from the specified stock. A gift, for example, "to nearest relations" would inure to the benefit of brothers and sisters, to the exclusion of nephews and nieces. *Ennis* v. *Prentz*, 3 Bradf. 382. A bequest

to " the next of kin in equal degree " was held to include brothers and exclude nephews and nieces. *Wimbles* v. *Pitcher*, 12 Ves. Jr. 433. In the case of *Smith* v. *Campbell*, 19 Ves. Jr. 400, a bequest " to my nearest surviving relations in my native country " was held to include brothers and sisters to the exclusion of nephews and nieces.

In *Slosson* v. *Lynch*, 43 Barb. 147, cited with approval in *New York Life Ins. & Trust Co.* v. *Hoyt*, 161 N. Y. 1, Judge Sutherland reviews at great length the English cases giving judicial interpretation to the term " next of kin," and in which he departed from the holding in the principal English case of *Elmsley* v. *Young*, 2 Myl. & K. 780, that the term " next of kin " used simpliciter, meant nearest of kin and held that the words so used had a technical statutory meaning which was not nearest of kin, but those who in cases of intestacy would share under the Statute of Distribution, and pointed to the *Elmsley* case and the decisions based thereon as showing " that the greatest judicial mind is liable to fall into a rut, and when it does, common sense teaches that its very load of learning tends to keep it in."

In the instant case the term used is " nearest kin " and the qualifying word " nearest " must be given effect by force of the common canons of construction and not rendered meaningless and inoperative.

While the authorities of other states are not entirely uniform, the weight of authority is found to be in favor of the interpretation that " nearest kin " means those in the nearest degree of consanguinity.

In *Clark* v. *Mack*, (Mich.) 126 N. W. Repr. 632, the term " nearest of kin " in a will is held to signify those standing in the nearest relationship to the testator and that brothers and sisters take to the exclusion of the children of a deceased brother or sister.

In *Swasey* v. *Jaques*, 144 Mass. 135, it is said that the expression " nearest of kin " primarily indicates the nearest degree of consanguinity and that those words are used more frequently in that sense than in any other.

In *Matter of Weaver's Estate*, (Iowa) 119 N. W. Repr. 69, after referring to the primary meaning of next of kin as being the persons nearest in degree of blood, it is said " no relative can be said to be ' nearest ' in degree of blood if someone else be ' nearer.' "

In *Hammond* v. *Myers*, 292 Ill. 270, the words " nearest akin " were held to mean the nearest blood relations and not to mean legal heirs according to the Statute of Descent.

In *Locke* v. *Locke*, 45 N. J. Eq. 97, it was held that " nearest relations " means brothers to the exclusion of nephews and nieces and

in which it was said, " When a testator used plain every day English to express his meaning, there can not be any risk of doing violence to his understanding of it by taking him at his word."

In *Altdorfer's Estate*, 225 Penn. St. 136, it was held that the words " nearest relatives," related to a legacy, should be limited to such relatives as should be nearest.

The words " nearest of kin " were held to mean the nearest blood relations in *Keniston* v. *Mayhew*, 169 Mass. 166.

In *Leonard* v. *Haworth*, 171 Mass. 496, " nearest of kin " was held to be those " who shall be the testator's nearest blood relations."

In *Jones* v. *Parsons*, 182 Iowa, 1377, the expression " nearest blood connection " was held to mean a surviving sister to the exclusion of nephews and nieces of deceased brothers and sisters.

In *Smith* v. *Egan*, (Mo.) 167 S. W. Repr. 971, it was held that the father and mother take to the exclusion of brothers and sisters under the definition of the term " nearest blood kin."

To the contrary effect, however, is the case of *Ryan* v. *Allen*, 120 Ill. 648, wherein the word " nearest " is declared to be without qualifying effect.

It is to be noted, however, in reference to the latter case, that a subsequent case in the courts of Illinois seems to reject its conclusions and to be in harmony with the general trend of judicial decision, to the effect that the word " nearest " possesses a qualifying influence upon the class to which it is applied.

The force of almost unanimous judicial interpretation of similar terms as that here in question cannot be disregarded, but must be accepted as controlling authority. I have concluded that the term " nearest kin " as used in the will of Daniel Gan must be construed to mean those who were nearest to him in degree of consanguinity, and that the farm vested in Isaac Gan and Adaline Van Valkenburgh Lloyd, brother and sister of the testator, and that their right to possession became absolute upon the termination of the intermediate or precedent estates.

The referee was appointed herein to take proof, among other things, of the plaintiff's title and interest in the premises pursuant to rule 247 of the Rules of Civil Practice. He has found that the plaintiff's interest is an undivided one-fourth part thereon. This finding is based upon a conclusion that under the will of Daniel Gan the nephews and nieces share with the brother and sister as heirs at law. This conclusion being disapproved the plaintiff is without interest in the property.

No person other than a joint tenant or a tenant in common of the property shall be a plaintiff in an action for partition. Civ. Prac. Act, § 1018.

Application for confirmation of referee's report and interlocutory judgment thereon is, therefore, denied and the complaint directed to be dismissed.

Ordered accordingly; judgment accordingly.