In the Matter of the Estate of DELLA E. V. MARTIN, Deceased.

Surrogate's Court, New York County, August 14, 1929.

*George W. Cornell*, for Thomas Burke and others.

*Hartman, Sheridan & Tekulsky*, for James Burke.

*Murray, Aldrich & Roberts*, for Equitable Trust Company.

*Frank A. Carlin* and *George M. Curtis*, special guardians.

*Arthur H. Indell*, for the legatee.

*Hamilton Ward, Attorney-General*, for the State of New York.

*Jonathan Holden*, for North River Mortgage Company.

*Charles G. Coster*, for Mission of the Immaculate Virgin.

*Charles Franklin*, for Fifth Church of Christ Scientist.

*James A. O'Gorman, Jr.*, for the claimant.

*Davis, Polk, Wardwell, Gardiner & Reed*, for George Burke.

*George I. Woolley*, for Fourth Church of Christ.

*Erwin F. Gross*, for Third Church of Christ Scientist.

O'BRIEN, S.   This proceeding presents a controversy growing out of the odd language used in the second last paragraph of decedent's will, which reads as follows: " *The balance of my estate or money derived from sale of stocks & bonds to go to my nearest relatives last known address — descendants of Thomas Burke & his wife Mary Hayes who were my parents, address Kilmore County Clare Ireland and others may be at Harvard Junction, Harvard Illinois U. S. America to share alike.*"

When decedent died she left surviving one *brother*, James Burke, one nephew and two nieces, who were the children of Denis Burke, deceased; two nieces and one grandniece and one grandnephew, children and grandchildren, respectively, of Thomas Burke, deceased brother of decedent; two nieces and three nephews, children of Margaret Fitzgerald, deceased sister of decedent, and four nephews and one niece, children of Edmond Burke, deceased brother of decedent.

When this matter was set down for a hearing, extensive argument was had, but no testimony was taken.   The question propounded was, " What meaning must be given to the words, ' my nearest relatives,' " or, to express it concretely, " does the terminology used in said paragraph include in the bequest therein made, those descendants of deceased brothers and sister of decedent who would take under the Decedent Estate Law as next of kin? "   The oral arguments presented were scholarly and impressive, and the briefs cover the question exhaustively.   The will was ineptly and inartistically drawn.   There is not the slightest indication that a lawyer participated in the drafting of it.   Therefore, in interpreting the language

and verbiage used, in the effort to determine what was in testatrix's mind, we cannot lose sight of the fact that the words and phrases adopted by her were those of a lay person who knew nothing of legal terms or their meaning. Thus construed, the paragraph means that testatrix intended as the beneficiaries of the " balance of my estate or money derived from sale of stocks & bonds " those who were of the nearest degree of kinship to her, or those persons who were next in blood to her. The surviving brother, James Burke, is the only person who comes within this description. The term " nearest relatives " does not include children or grandchildren of deceased brothers or sister of testatrix. There is no escape from these conclusions if the words " nearest " and " relatives " be given their ordinary, everyday and lay meaning. Abundant authorities from various jurisdictions support this interpretation. (*Ennis* v. *Pentz*, 3 Bradf. 382; *Smith* v. *Campbell*, 19 Ves. 400; *Haas* v. *Speenburgh*, 122 Misc. 458; *Locke* v. *Locke*, 45 N. J. Eq. 97; *Altdorfer's Estate*, 225 Penn. St. 136; *Jones* v. *Parson*, 182 Iowa, 1377; 166 N. W. 707; *Marsh* v. *Marsh*, 1 Brown Ch. 293.) The Century Dictionary clearly explains the full meaning of ' nearest," viz.: " Nearest, next, are sometimes synonymous words: as nearest or next of kin; but specially the first denotes *the closest* relative proximity, while the second denotes the proximate place in order."

A second question was raised which concerned the paragraph of said will which reads as follows: " *I leave to the Christian Science Churches of New York three thousand dollars for its use & benefit to mankind.*" I hold that this bequest was intended not for the Mother Christian Science Church in Boston, nor for any particular Christian Science Church in New York, but should be distributed among all Christian Science churches in Greater New York.

Proceed accordingly.