In the Matter of the Accounting of the EQUITABLE TRUST COMPANY OF NEW YORK, as Executor of DELLA E. V. MARTIN, Deceased, Respondent.

JAMES BURKE, Appellant; THOMAS BOURKE et al., Respondents.

249

(Argued November 24, 1930; decided January 6, 1931.)

*Thomas I. Sheridan, Arthur F. Mullen* and *Daniel J. Madigan* for appellant.  The residuary clause of the will plainly bequeaths the residue of the estate to appellant, sole surviving brother of the deceased, as the nearest relative living at the date of death of the deceased. (*Ennis* v. *Pentz*, 3 Bradf. 382; *Haas* v. *Speenburgh*, 203 N. Y. Supp. 202; *Matter of Brown*, 232 N. Y. Supp. 204; *Smith* v. *Campbell*, 19 Ves. Jr. 400; *Hammond* v. *Myers*, 292 Ill. 270; *Clark* v. *Mack*, 161 Mich. 545; *Locke* v. *Locke*, 45 N. J. Eq. 97; *Matter of Altdorfer*, 225 Penn. St. 136; *Keniston* v. *Mayhew*, 169 Mass. 166; *Leonard* v. *Haworth*, 171 Mass. 486; *Jones* v. *Parsons*, 182 Iowa, 1377; *Matter of Weaver*, 140 Iowa, 615; *Swasey* v. *Jacques*, 144 Mass. 135; *Redmond* v. *Burroughs*, 63 N. C. 242; *Smith* v. *Egan*, 258 Mo. 569; *Marsh* v. *Marsh*, 1 Brown Ch. Rep. 293;

*Brandon* v. *Brandon*, 111 Swantson's Rep. 312; *Matter of Buechner*, 226 N. Y. 440; *Matter of Fletcher's Estate*, 220 N. Y. Supp. 645; 246 N. Y. 552; *Matter of King*, 213 N. Y. Supp. 131; *Matter of Richardson*, 229 N. Y. Supp. 299; *Matter of Darmtrey*, 211 N. Y. Supp. 529; *Baxter* v. *Marrs*, 228 N. Y. Supp. 587.) The fact that the class designated nearest relations is comprised of only one person does not affect the gift so made by will. (*Matter of King*, 200 N. Y. 189; *Matter of Kimberly*, 150 N. Y. 90; *Matter of Russell*, 168 N. Y. 169; *Palmer* v. *Horn*, 84 N. Y. 516; *Matter of Andrew*, 210 N. Y. Supp. 763; *Smith* v. *Campbell*, 19 Ves. 400.) The court properly refused to permit extrinsic evidence to be introduced as the language of the will was plain and unambiguous. (*Smith* v. *Campbell*, 19 Ves. 400; *Brown* v. *Quintard*, 177 N. Y. 83; *Williams* v. *Freeman*, 83 N. Y. 569 ; *Matter of Keleman*, 126 N. Y. 78; *Wolf* v. *Van Nostrand*, 2 N. Y. 436; *Matter of Miner*, 146 N. Y. 121; *Klock* v. *Stevens*, 45 N. Y. Supp. 603; *Kerr* v. *Bryan*, 32 Hun, 53; *Matter of Lyden*, 119 N. Y. Supp. 974.)

*Leonard J. Obermeier, Alvin S. Rosenson, William C. Foster* and *George W. Cornell* for respondents. The intention of the testatrix was that the residue of her estate should be divided among her next of kin. (Schouler on Wills [3d ed.], § 468; *Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339; *Hoppock* v. *Tucker*, 59 N. Y. 202.) The rejection by the Surrogate of the offer of extrinsic evidence to aid in the construction of the will was error. (*Baumann* v. *Steingester*, 213 N. Y. 328; *Matter of Coughlin*, 171 App. Div. 662; 220 N. Y. 681; *Matter of Van Vliet*, 181 App. Div. 879; 224 N. Y. 572; *Matter of Hendrickson*, 140 App. Div. 388; *Dubois* v. *Ray*, 35 N. Y. 162; *Morris* v. *Sickly*, 133 N. Y. 456.)

*Charles G. Coster* for Thomas J. Maher et al., respondents. The intention of the testatrix is to be gathered

from the whole will. (*Eidt* v. *Eidt*, 203 N. Y. 328; *Wetmore* v. *Parker*, 52 N. Y. 462; *Matter of White*, 125 N. Y. 594; *Phillips* v. *Davies*, 92 N. Y. 204; *Matter of Miller*, 161 N. Y. 76; *Trozier* v. *Bray*, 120 N. Y. 375; *Matter of Tamago*, 220 N. Y. 231.)

HUBBS, J. Della E. V. Martin, deceased, drew her own will. It is in her handwriting. After naming an executor, it made bequests amounting to $13,000 and also bequeathed certain personal property.

The residuary clause reads: " The balance of my estate or money derived from sale of stocks and bonds to go to my nearest relatives last known address,— descendants of Thomas Burke and his wife, Mary Hayes, who were my parents, address Kilmore, County Clare, Ireland, and others may be at Harvard Junction, Harvard, Illinois, U. S. America, to share alike. Should any one of the above beneficiaries be not alive at my death the money must come back to estate to be used for my relatives."

Decedent left surviving one brother, James Burke, appellant, and numerous nephews and nieces, children of deceased brothers and a sister.

The learned Surrogate in an appropriate proceeding has decided that the appellant, James Burke, is entitled under the will to the residue of the estate.

The Appellate Division reversed the decree of the Surrogate's Court and decided that the descendants of deceased brothers and a sister of the testatrix were entitled to share in the residuary estate *per stirpes*.

The opinion of the learned Surrogate is based primarily upon the ground that the testatrix intended her residuary estate to go to the relatives who were of the nearest degree of kinship, those persons who were next in blood to her and that her brother, James, is the only person occupying that relationship and, therefore, entitled to take the residuary estate to the exclusion of nephews and nieces, children of deceased brothers and a sister.

The Appellate Division found in the language used in the will a contrary intent on the part of the testatrix. The will was inartificially drawn by a woman who was evidently unfamiliar with the technical meaning of legal terms. In the effort to determine the intent of the testatrix we are limited to the language employed by her in wording the will, as extrinsic evidence of the circumstances surrounding the testatrix and her relatives, for the purpose of aiding in determining her intent, was not received.

If the words used had been, " to go to my nearest relative " instead of " to my nearest relatives " it would be clear that the residuary estate should go to her only surviving brother, James, and the nephews and nieces, children of deceased brothers and a sister, could not take under the will. Under such wording of a will, a court would not be justified in deleting the word " nearest " from the will. (*Matter of Buechner*, 226 N. Y. 440, 443.) The use of the words " nearest relative " would necessitate a holding that the words meant the nearest blood relative, the one in nearest degree of consanguinity. " No relative can be said to be ' nearest ' in degree of blood if someone else be ' nearer.' " (*Matter of Weaver's Estate*, 140 Iowa, 615.)

The only cases which have passed upon the question in this jurisdiction have held that the words " nearest relatives " and " nearest kin " when used in a will refer to those in the nearest degree of consanguinity. (*Ennis v. Pentz*, 3 Bradf. 382; *Haas v. Speenburgh*, 122 Misc. Rep. 458; *Matter of Brown*, 133 Misc. Rep. 519.)

That is the rule in England (*Brandon v. Brandon*, 3 Swanston's Ch. Rep. 312; *Withy v. Mangles*, 10 Clark & Finnelly's Rep. 215; 8 Jur. 69) and in other States (*Hammond v. Myers*, 292 Ill. 270; *Clark v. Mack*, 161 Mich. 545; *Locke v. Locke*, 45 N. J. Eq. 97; *Matter of Altdorfer's Estate*, 225 Penn. St. 136; *Keniston v. Mayhew*, 169 Mass. 166; *Jones v. Parsons*, 182 Iowa, 1377).

In the case at bar, if the deceased had left her surviving two brothers, or two sisters, or a brother and sister, there could be no doubt that such survivors would take under the residuary clause of the will to the exclusion of nephews and nieces, children of deceased brothers and a sister, for they would be within the exact words of the will, " nearest relatives."

It is urged by respondents that those rules of construction are not applicable, because other language contained in the will indicates that the testatrix intended that all blood relatives direct descendants of her parents should take under the residuary clause.

It is urged that the use of the words " nearest relatives " in the plural indicates that testatrix expected that more than one relative would take under said clause; also that the addresses given indicated that testatrix anticipated that more than one person would take under said clause.

The argument is based on the assumption that testatrix knew at the time she drew her will, about a year before her death, that she had only one living brother. If the record disclosed that she knew at that time that she did not have a living sister and had only one living brother who resided at Kilmore, County Clare, Ireland, the words " and others may be at Harvard Junction, Harvard, Illinois," would be persuasive that she intended that relatives other than the brother should also take under the residuary clause.

In the absence of evidence, we are not permitted to indulge in the presumption that she had such knowledge, or even that such was the fact at the date of the will. We are required to interpret the will as it reads, giving due consideration and weight to all its parts. The will read as a whole indicates that she did not know the address or places of residence of her brothers and sister if living. If she did not have such knowledge, we cannot assume that she knew whether all or any of them had died. If two or more were alive the words used expressed her

intent that they should take the residuary estate as they would clearly be the "nearest relatives." The bequest was to a class — the "nearest relatives." (*Matter of Westchester Trust Co.*, 173 App. Div. 403; affd., 219 N. Y. 638.)

If there had existed at the time the will took effect more than one member of the class, the use of the plural "relatives" would have been accurate. In fact, only one member of the class, the brother, James, was living as survivor of the class. In construing the will upon the record now before us it appears that he is entitled to take the whole estate. (*Matter of Westchester Trust Co., supra.*) It was error, however, for the Surrogate, upon the rehearing, to refuse to receive extrinsic evidence of the circumstances surrounding the testatrix and her relatives for the purpose of affording aid in determining her intent. In interpreting a will, the cardinal rule of construction is to so construe it as to carry out the intent of the testator.

The intent of the testatrix cannot be ascertained with reasonable certainty from the will itself. Under such circumstances extrinsic evidence should have been received for the purpose of aiding the court in ascertaining the real intent of the testatrix. (*Morris* v. *Sickly*, 133 N. Y. 456; *Baumann* v. *Steingester*, 213 N. Y. 328; *Matter of Coughlin*, 171 App. Div. 662; affd., 220 N. Y. 681.)

The appeal to the Appellate Division from the order and decree of the Surrogate brought up to that court for review the whole order and decree, and the appeal to this court has the same effect. The refusal of the Surrogate to receive the evidence offered bearing upon the question of the intent of the testatrix constituted an integral part of the order appealed from and vests in this court authority to correct the error of the Surrogate by directing a rehearing so that the evidence erroneously rejected may be received.

The order of the Appellate Division and the order and

decree of the Surrogate's Court should be reversed, and a rehearing granted, with costs in the Appellate Division and in this court payable out of the estate.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.