In the Matter of the Will of WILLIAM L. DICKS, Deceased.

Surrogate's Court, Orange County, November 26, 1946.

*Henry G. Arfmann* for May D. Beakes, petitioner.

TAYLOR, S. Construction is asked of paragraph " Fifth " of decedent's will which is as follows: " I give and devise the use of my house and lot located at 10 Albert Street, Middletown, New York, to my brother, Joseph C. Dicks, and my sister, Fannie T. Hultslander, as long as they shall live, and upon the death of the one surviving, I give and devise the remainder to my nearest heirs then surviving, to be theirs absolutely and forever ".

The decedent's brother, one of the life income beneficiaries, predeceased him, but the sister survived. The sister has since died and the testator's distributees living at the time of the death of the sister were two nieces and a grandniece. The question arises with respect to the meaning of the words "nearest heirs ". Does this designation of the remaindermen include the nieces and grandniece, or does it refer only to those nearest in point of consanguinity?

No case in this State has been cited which construes these identical words. There are authorities in other jurisdictions which hold that "nearest heirs ". means all heirs and that the expression " nearest next of kin " refers to all next of kin. With respect to the latter characterization it may be said that the words " next of kin " are words of art, they have been given a technical meaning by statute, and unless the context very clearly and convincingly otherwise indicates, refer to those who share the personal property of one dying intestate. The words are not limited to those only of the nearest degree of consanguinity. (See *Slosson* v. *Lynch,* 43 Barb. 147, 150; *New York Life Ins. & Trust Co.* v. *Hoyt,* 161 N. Y. 1, 9; *Matter of Carroll,* 274 N. Y. 288, 302.)

In *Matter of Brown* (133 Misc. 519) the Surrogate had occasion to construe a will, the residuary clause of which gave the testator's property to " nearest relatives then living ". It was therein said (p. 526): " It is further my conclusion that the words ' nearest relatives ' mean those in the nearest degree of consanguinity and that according to the petition and accounts and testimony herein, the nearest relatives living at the death of the widow of the testator were [three named nephews and a niece]."

The words to be construed in *Haas* v. *Speenburgh* (122 Misc. 458, affd. 212 App. Div. 844) were " nearest kin ". The court reviewed the authorities rather thoroughly and said (p. 461) that " the term used is ' nearest kin ' and the qualifying word ' nearest ' must be given effect by force of the common canons of construction and not rendered meaningless and inoperative." The word " nearest " was defined (p. 460) to mean " nearest in degree, counting from the specified stock ", and it was held that the expression " nearest kin " meant those in the nearest degree of consanguinity.

It is one of the fundamental rules of will construction that every part of the instrument shall be given some meaning if possible, and without good and sufficient cause the word " nearest " should not be discarded as superfluous. As stated *In re Weaver* (140 Iowa 615, 618) " No relative can be said to be ' nearest ' in degree of blood if some one else be ' nearer.' "

" Nearest " has been defined as " Immediately adjacent to; in closest proximity." (45 C. J. 578.)

In *Ennis* v. *Pentz* (3 Bradf. 382) the will under construction gave the residuary estate to " the two nearest female relatives or connections " of the testator's mother, and it was held as between two nieces of the mother, the wife of a grandnephew and three great grandnieces, the two nieces answering the description were entitled to take. Here, it was held, too, the word " nearest " means in degree — counting from the specified stock.

In *Matter of Martin* (255 N. Y. 248) the court had occasion to construe the words " my nearest relatives ", and it was held that the court would not be justified in deleting the word " nearest " from the will and that the use of those words would necessitate a holding that the person intended was the nearest blood relative, the one in nearest degree of consanguinity.

The will in question is construed to vest the real property mentioned in the " Fifth " paragraph of the will in the testator's nieces to the exclusion of his grandniece.