In the Matter of the Accounting of ANNA M. BARRY, as Substituted Trustee under the Will of ALBERT BURK, Deceased. ANNA M. BARRY, Individually, et al., Appellants. ANNA M. BARRY, as Substituted Trustee under the Will of ALBERT BURK, Deceased, et al., Respondents.

Argued December 2, 1948; decided March 3, 1949.

*Jack Korshin, F. Lloyd Barry* and *Sidney K. Nadelson* for appellants. I. The Appellate Division was in error in refusing to pass upon the construction urged by the appellants. It was their duty, and it is the duty of the Court of Appeals to pass upon such construction. (*Wilson* v. *Mechanical Orguinette Co.,* 170 N. Y. 542; *Matter of Davis,* 149 N. Y. 539; *Kelsey* v. *Western,* 2 N. Y. 500; *Matter of Winburn,* 270 N. Y. 196; *Croker* v. *Williamson,* 208 N. Y. 480.) II. One half of the remainder vested in the two brothers and sister of testator's wife who were alive at the time of testator's death, and the appellants, as the distributees of such brothers, are entitled to take the shares of such one half of the remainder which were vested in such two brothers. (*Bisson* v. *West Shore R. R. Co.,* 143 N. Y. 125; *Roosa* v. *Harrington,* 171 N. Y. 341; *Hersee* v. *Simpson,* 154 N. Y. 496; *Matter of Bolton,* 257 App. Div. 760, 282 N. Y. 728; *Connelly* v. *O'Brien,* 166 N. Y. 406; *Matter of Curlett,* 166 Misc. 944; *Moore* v. *Littel,* 41 N. Y. 66; *Hennessy* v. *Patterson,* 85 N. Y. 91; *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573; *Matter of Van Auken,* 31 N. Y. S. 2d 897; *Sage* v. *Wheeler,* 3 App. Div. 38, 158 N. Y. 679; *Matter of Ossman* v. *Von Roemer.* 221 N. Y. 381; *Matter of Tienken,* 131 N. Y. 391.)

*Frank R. Abbott* for Mary E. Wright, respondent. I. The question of the date of the vesting of the remainders is not before the Court of Appeals for review. (*Kelsey* v. *Western,* 2 N. Y. 500; *Matter of Davis,* 149 N. Y. 539; *Wilson* v. *Mechanical Orguinette Co.,* 170 N. Y. 542.) II. The remainders vested upon the death of the life tenant, Annie Burk. (*Matter of Martin,* 255 N. Y. 248; *Matter of Bostwick,* 236 N. Y. 242; *Matter of Baer,* 147 N. Y. 348; *Matter of Crane,* 164 N. Y. 71; *Matter of Pulis,* 220 N. Y. 196; *Matter of Koch,* 282 N. Y. 462; *Guarantee Trust Co.* v. *Miller,* 112 N. J. Eq. 493.) III. Mary E. Wright is the nearest of kin of Annie Burk. (*Matter of Tamargo,* 220 N. Y. 225; *Simpson* v. *Trust Co. of America,* 59 Misc. 96, 129 App. Div. 200, 197 N. Y. 586; *Herzog* v. *Title Guar. & Trust Co.,* 177 N. Y. 86; *Haas* v. *Speenburgh,* 122 Misc. 458, 212 App. Div. 844; *Matter of Martin,* 255 N. Y. 248.) IV. Canons of construction to which appeal is made are never used to force language out of a will. (*Matter of Wheeler,* 74 N. Y. S. 2d 230; *Matter of Watson,* 262 N. Y. 284.) V. " Nearest of kin " does

not mean " next of kin ". (*Matter of Keogh,* 126 App. Div. 285; *Kello* v. *Kello,* 127 Va. 368, 11 A. L. R. 322.)

*W. B. Vander Voort* for Christine Patterson and others, respondents. I. It was error for the court below not to have found sufficient indication that testator meant to benefit " next of kin " rather than only a surviving sister of his wife. (*Matter of King,* 200 N. Y. 189; *Matter of Watson,* 262 N. Y. 284; *Matter of Martin,* 255 N. Y. 248; *Haas* v. *Speenburgh,* 122 Misc. 458, 212 App. Div. 844; *Ennis* v. *Pentz,* 3 Bradf. 382; *Matter of Pettit,* 241 App. Div. 209; *Matter of Makeever,* 162 Misc. 281; *Matter of Mildeberger,* 122 Misc. 743.) II. The presumption that natural heirs were not intended to be disinherited should control in this case. (*Elmsley* v. *Young,* 2 Myc. & K. 82; *Withy* v. *Mangles,* 10 Clark & F. 215, 8 Eng. Reprint 724; *Hammond* v. *Myers,* 292 Ill. 270, 11 A. L. R. 315; *New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Godfrey* v. *Epple,* 100 Ohio St. 447, 11 A. L. R. 317; *Kello* v. *Kello,* 127 Va. 368, 11 A. L. R. 322.) III. Distribution should be per stirpes. (*New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Woodward* v. *James,* 115 N. Y. 346; *Matter of Nebe,* 155 Misc. 392; *Matter of Wheeler,* 74 N. Y. S. 2d 230; *Ferrer* v. *Pyne,* 81 N. Y. 281.) IV. Remainders did not vest on testator's death; the gifts are to a class to be determined at the time of distribution. (*Bisson* v. *West Shore R. R. Co.,* 143 N. Y. 125; *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127; *Matter of Bostwick,* 236 N. Y. 242; *Matter of Koch,* 282 N. Y. 462; *Matter of Nebe,* 155 Misc. 392.)

*Albert W. Davis,* special guardian, respondent. I. The Appellate Division should have considered the problem of when the remainders in this estate were vested at the same time that it determined the meaning of the words " nearest of kin " as used in the testator's will as the questions were closely interrelated and the interpretation of the same clause of the will was involved. (*Matter of Winburn,* 270 N. Y. 196; *Matter of Martin,* 255 N. Y. 248; *Matter of Hall,* 71 N. Y. S. 2d 825.) II. One half of the remainder vested in the brothers and sister of the testator's wife, as well as the missing brother if they survived the testator, and if the court finds that the estate vested at time of the death of testator then provision should be made

for the missing brother or any of his possible distributees. (*Moore* v. *Littel,* 41 N. Y. 66; *Matter of Bolton,* 257 App. Div. 760; *Matter of Watson,* 262 N. Y. 284; *United States Trust Co.* v. *Taylor,* 193 App. Div. 153, 232 N. Y. 609; *Matter of Embree,* 9 App. Div. 602, 154 N. Y. 778; *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127; *Mersereau* v. *Katz,* 197 App. Div. 895; *Paget* v. *Melcher,* 26 App. Div. 12, 156 N. Y. 399; *Matter of Baer,* 147 N. Y. 348; *Matter of Chalmers,* 264 N. Y. 239.) III. The Appellate Division was correct in interpreting the expressions used in the will '' my nearest of kin '' and '' the nearest of kin of my wife,'' but that court should have by virtue of the early vesting rule determined that the nearest of kin were those persons living at the date of the death of the testator and not at the date of the death of the life tenant. (*Haas* v. *Speenburgh,* 122 Misc. 458, 212 App. Div. 844; *Matter of Martin,* 135 Misc. 18, 255 N. Y. 248.)

Dye, J. Albert Burk died April 21, 1931, having made a will leaving his estate in trust for the life use and benefit of his wife. She died April 26, 1947. The substituted testamentary trustee has filed her petition to account and for a construction of the testator's will to determine to whom and in what proportions the residue of the estate remaining in her hands is now distributable, the testator having provided, viz.: '' Second: Upon the death of my wife, I order and direct my said executor to pay and distribute the one-half of all my said estate unto my *nearest of kin* in equal shares and to pay and distribute the other half of all my said estate unto the *nearest of kin* of my wife in equal shares.'' (Emphasis supplied.) The parties to this appeal are the persons interested in the one half of the residue of the estate payable to the relatives of the life tenant. The distribution of the one-half share payable to the testator's relatives is not controverted, they having previously agreed among themselves upon a satisfactory division. The Surrogate, without the aid of extrinsic evidence but relying solely on the testamentary language, has found and decreed that, in the absence of words of gift '' in præsenti '' and the direction to the executor to pay and distribute, the remainder vested upon the death of the life tenant (*Matter of Bostwick,* 236 N. Y. 242). He also construed the phrase '' nearest of kin '' as equivalent to and synonymous

with " next of kin " in the legal sense and directed distribution " per stirpes " in accordance with the Decedent Estate Law applicable to intestacies.

The Appellate Division construed the words " nearest of kin " to mean " nearest blood relation " and modified the Surrogate's decree directing payment to the life tenant's sole surviving sister, Mary E. Wright, to the exclusion of all other parties who were next of kin in the legal sense, including Ella Brady, the spouse of her deceased brother Michael Brady (Decedent Estate Law, §§ 47-c, 83). It declined, however, to pass on when the remainder vested " in the absence of an appeal from the decree " (*Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542; *Matter of Davis*, 149 N. Y. 539; *Kelsey* v. *Western*, 2 N. Y. 500). The notice of appeal to the Appellate Division filed by Mary E. Wright contained a statement limiting the appeal from " so much and such part of the decree * * * as adjudges that the term ' nearest of kin ' in the will of Albert Burk means ' next of kin ' and * * * to whom and in what proportions the estate * * * is now payable." The cases relied on are proper authority where separable or severable issues are disposed of in a single judgment or order from which an appeal is taken from a part only. Under such circumstance the review is confined to the part appealed from. In this appeal the issue involves the testator's intent as expressed by the language used in his will. Every element necessary to the ascertainment of such intention in order to accomplish distribution of the residue to the persons and in such proportion as intended is open to review, including the time when the remainder vested. We may not be concluded in a proceeding of this sort because the appellant in her notice of appeal to the Appellate Division sought to restrict the review by stating a limitation, nor is the situation changed by the circumstance that the distributees of James and Michael Brady, deceased brothers of the life tenant and parties to the proceeding, did not appeal from the Surrogate's decree to the Appellate Division, or that the distributees of Philip Brady, a deceased brother, and the special guardian of the missing brother, John Brady, who had been declared judicially dead, did not appeal from the modification in the Appellate Division to this court, so as to prevent their interest from being considered here. All parties to the

proceeding are deemed parties to this appeal (Surrogate's Ct. Act, § 289; Civ. Prac. Act, § 193, subd. 1; § 584; *Matter of Winburn,* 270 N. Y. 196).

The testator directed his executor after the death of the life tenant to pay and distribute one half his estate " unto the nearest of kin of my wife " thereby indicating a gift to a class which could not very well be ascertained until the death of the wife. It was not until then that the remainder vested (*Matter of Bostwick,* 236 N. Y. 242, *supra; Matter of Koch,* 282 N. Y. 462; *Matter of Pulis,* 220 N. Y. 196; Real Property Law, § 40). Members of the class at the time of distribution take (*Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127). The testator designated the class to whom he gave his estate as the " nearest of kin of my wife in equal shares.". Ordinarily the intended meaning of such a simple word as " nearest " in everyday usage creates no very great problem as it is commonly used as synonymous with " next " (Webster's Dictionary) and has been given the same meaning when used in connection with kin and relations (Oxford Dictionary; Encyclopædia Britannica), but we find on an examination of the legal authorities that there is a division of opinion as to its meaning when used in a will. The difficulty is occasioned, no doubt, by the circumstance that in England and many other States which follow the English rule, the term " next of kin " when used in a will is construed as a direction to recognize consanguinity, while in New York State the words " next of kin " have long been regarded as a technical phrase calling for distribution in accordance with the statute (*Slosson* v. *Lynch,* 43 Barb. 147 [1864]).

The Appellate Division interpreted the phrase " nearest of kin " as indicating intent to direct distribution to nearest in consanguinity, relying on *Matter of Martin* (255 N. Y. 248, 251). There we construed the words " ' my nearest relatives ' " to mean those nearest in degree of consanguinity, citing as authority *Ennis* v. *Pentz* (3 Bradf. 382); *Haas* v. *Speenburgh* (122 Misc. 458), and *Matter of Brown* (133 Misc. 519). In the *Ennis* case (*supra,* pp. 385–386) the testator gave the residue of the estate unto " ' the two nearest female relatives or connections ' of his deceased mother " which was construed as intending those " nearest in degree — counting from the specified stock " or to put it more simply " nearest by blood " thus exclud-

ing Mrs. Ennis, the widow of a grandnephew. In the *Haas* case (*supra,* p. 460) the phrase " to be divided equally between my nearest kin " was construed to mean " nearest by blood ". The Surrogate relied on several out-of-State authorities which had construed words such as " nearest relatives " (*Matter of Altdorfer,* 225 Pa. 136) ; " nearest of kin " (*Clark* v. *Mack,* 161 Mich. 545 ; " nearest akin " (*Hammond* v. *Myers,* 292 Ill. 270) ; " nearest relations " (*Locke* v. *Locke,* 45 N. J. Eq. 97) ; " nearest blood connection " (*Jones* v. *Parsons,* 182 Iowa 1377), as nearest in degree of blood. In the *Brown* case (*supra,* p. 526) the Surrogate construed the expression " to nearest relatives then living " as meaning " living at the death of testator's widow " and that the words " nearest relatives " meant those in the nearest degree of consanguinity.

The rule of consanguinity followed by the English authorities and many of our sister States was rejected as inconsistent in New York as far back as *Slosson* v. *Lynch* (43 Barb. 147 [1864], *supra*), the principle of which was reaffirmed in *New York Life Ins. & Trust Co.* v. *Winthrop* (237 N. Y. 93), saying in substance that when the testator uses the words " next of kin " a division according to the statute is more likely than any other to correspond with his wish and should govern when the testator's intention is in doubt. The similarity in usage of the words " nearest " and " next " suggests that the testator here used the word " nearest " in accordance with New York State usage and was not aware that in so doing he brought into play an English rule of inheritance following an historical concept of consanguinity contrary to the public policy of New York or vice versa.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division to the appellants, payable out of the estate.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and FULD, JJ., concur.

Order reversed, etc.