In the Matter of the Estate of SOLOMON THALL, Deceased. ALBERT A. SARAFAN, as Surviving Trustee of the Estate of SOLOMON THALL, Deceased, et al., Respondents; MARY LANDIS, Individually and as Executrix of EMANUEL LANDIS, Deceased, Appellant-Respondent; BARBARA LANDIS et al., Respondents-Appellants.— In a proceeding to construe the will of Solomon Thall, deceased, in order to determine the proper distribution of the income and principal of the trust under its eighth and ninth paragraphs, the parties appeal as follows from a decree of the Surrogate's Court, Westchester County, entered May 11, 1964 upon the opinion and decision of the Surrogate (see 41 Misc 2d 1086): (1) Mary Landis, the widow of Emanuel Landis (a trust income beneficiary who predeceased the testator's widow, Alice Thall), appeals, individually and as executrix of Emanuel's estate, from so much of the decree: (a) as construed paragraphs eighth and ninth of the will to provide that, after payment of one-half share of the net income of the trust to Alice Thall, the testator's widow, one half of the balance shall be payable to Barbara Ann Landis, the

daughter of Ben Ami Landis (a trust income beneficiary who predeceased the testator's widow) and one half of the balance shall be payable to those who were the intestate distributees of the testator at the time of his death; (b) as directed that on the death of said Alice Thall, one half of the remainder of the corpus of the trust shall be paid to Barbara Ann Landis and one half distributed to those who were the testator's distributees as of the date of his death; and (c) as directed the payment of the expenses of the proceeding and the allowances and counsel fees from certain of the net income. (2) Barbara Ann Landis appeals from so much of said decree as construed paragraphs eighth and ninth of the will to the effect that the testator's intestate distributees, as of the date of his death, are entitled to one half of the excess income from the trust for the primary benefit of Alice Thall. (3) Luba Gissin and Lizza Landsman (half sisters of the testator) and the unknown heirs, if living, or their distributees or personal representatives, if deceased, by Roderick B. Travis, their special guardian, appeal from so much of said decree as construed paragraphs eighth and ninth of the will. Decree modified on the law and the facts by amending its decretal provisions so as to provide that the testator's will be construed to mean: (a) *With respect to the income of the trust*—that after payment to Alice Thall of one half of the net income of the trust pursuant to the eighth paragraph of the will, the remaining balance of such income shall be paid to the intestate distributees of the testator as of the date of his death; and (b) *With respect to the corpus of the trust*—that on the death of Alice Thall, the life beneficiary, after the payment of the specific legacies directed to be paid from the trust corpus, the entire remaining balance of the corpus shall be paid to Barbara Ann Landis. As so modified the decree is affirmed, with costs to all parties filing separate briefs, except the petitioner-respondent, payable out of the net income of the trust in the same manner as the decree directs the payment of counsel fees and allowances; and the proceeding is remitted to the Surrogate's Court, Westchester County, for the settlement and entry of a final decree in accordance herewith. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. In a proceeding to construe a will, all parties to the proceeding are deemed to be parties to the appeal; the court has plenary jurisdiction to make such decree affecting any of the parties as may be necessary to fully effectuate the testator's intent in accordance with the court's determination of such intent; and the court's jurisdiction may not be curtailed by the limitation of any notice of appeal or even by the failure of a party to take an appeal (*Matter of Burk,* 298 N. Y. 450, 455). Appellant Barbara Ann Landis contends that the decree should be modified to adjudge that she has a vested remainder in the entire principal of the trust and that appropriate directions should be made to pay her the entire remaining income of the trust after payment of the widow's share. In our opinion, after payment to Alice Thall of her one half of the net income pursuant to paragraph eighth of the will, the remaining net income is payable to the intestate distributees of the testator as of the date of his death (cf. *Matter of Gautier,* 3 N Y 2d 502; *Matter of Jay,* 142 N. Y. S. 2d 234, affd. 1 A D 2d 661, affd. 1 N Y 2d 897). It is also our opinion that, on the death of Alice Thall, the life beneficiary, after payment of the specific legacies directed to be paid from the corpus of the trust, the entire remaining balance of the corpus should be paid to Barbara Ann Landis (cf. *Matter of Selner,* 261 App. Div. 618, affd. 287 N. Y. 664; *Matter of Krooss,* 302 N. Y. 424). In view of the fact that the corpus of the trust consisted of two lucrative, income-producing parcels of real property, and in view of the status of the parties and the position taken by them as to the source of payment of the allowances and counsel fees awarded in this construction proceeding, it is our

opinion that the learned Surrogate did not improvidently exercise his discretion: (a) in refusing to direct that the allowances and fees be paid out of the principal of the estate, and (b) in refusing to direct that they be paid in whole or in part from the income payable to Alice Thall pursuant to paragraph eighth of the will (cf. *Matter of Ablett*, 3 N Y 2d 261, 279; Surrogate's Ct. Act, § 276). Nor, in our opinion, did the Surrogate improvidently exercise his discretion in directing that the trustees pay the expenses of the proceeding and the allowances and counsel fees from the undisposed income on hand and to accrue before making any payments from said income to Barbara Ann Landis and the intestate distributees. (For Surrogate's opinion in this proceeding, see 41 Misc 2d 1086; and on prior accounting proceeding, see 57 N. Y. S. 2d 698.) Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.