## NICHOLS *v.* ALLEN.

### (*Knoxville.* November 1, 1888.)

1. WILLS. *Construction.* *Takes effect at testator's death.* *Passes after—acquired property.*

   Testator made will in 1864 and died in 1876. He acquired much personalty between those dates. The will provides: "I have an undivided interest in the real and personal estate of my father and mother, aside from some other personal property in my own right, all and singular of which I do hereby give and bequeath the same to my said two sisters and to my brother (naming them) jointly, to share and share alike in the same."

   *Held:* That this will speaks and takes effect as of date of testator's death, and passes all personalty acquired between the date of its execution and testator's death.

   (See Code, § 3035 (M. & V.); § 2195 (T. & S.).

   Case cited and overruled: Sharpe *v.* Allen, 5 Lea, 81.

   TURNEY, C. J., and SNODGRASS, J., dissent.

2. SAME. *Same.* *Not res adjudicata.*

   Decree on demurrer, construing a will, in a suit by *one distributee* of the testator against the *executor and legatees* is not available as *res adjudicata*, in a subsequent suit by *another distributee*, against the same parties for a like purpose.

   (See 86 Tenn., 81, 318.)

---

FROM COCKE.

---

Appeal from Chancery Court of Cocke County. JNO. P. SMITH, Ch.

G. W. Allen made the will set out in the opinion, in 1864, and died in 1876, having in the interval acquired a large amount of personal property. He was never married. His heirs and next of kin were eight brothers and sisters and their descendants. He provided for only three of these under his will.

Mrs. Sharpe, a sister of testator, filed her bill against the executor and beneficiaries under said will—who were claiming the entire personal estate under its bequests—averring, among other things, that the testator had died intestate as to this after-acquired property, and seeking to recover her distributive share. Her contention was sustained by this Court. See *Sharpe* v. *Allen*, 5 Lea, 81.

Afterward complainants in this case filed their bill as distributees of said G. W. Allen, deceased, to recover their respective shares of his estate. The Chancellor gave decree in their favor, in accord with the majority opinion in *Sharpe* v. *Allen*, 5 Lea, 81. Defendants appealed, and assigned errors.

J. C. HODGES for Complainants.

PICKLE & TURNER and W. J. MCSWEEN for Defendants.

SNODGRASS, J. The determination of this case depends upon the construction of G. W Allen's will, made in 1864. The clause to be considered is as follows:

" I have some real and personal property, and I do hereby make the following disposition of it: *First*, I have a tract of land of two hundred and fifty acres, lying on the south side of French Broad river, between the lands of Wm. Burnett and the mouth of Wolfe Creek, which I hereby give and bequeath to my two sisters, Emily Allen and Cynthia Cowan, and to their heirs forever, the title to which is hereby vested in them. *Second*, I have an undivided interest in the real and personal estate of my father and mother, aside from some other personal property in my own right, all and singular of which I do hereby give and bequeath the same to my said two sisters, Emily Allen and Cynthia Cowan, and to my brother, Greene Allen, jointly, to share and share alike in the same."

The testator acquired other personal property, and died in 1876, having made no other will.

The question is, did after-acquired property pass under the will?

In another case, *Sharpe* v. *Allen*, reported in 5 Lea, page 81, this will was before this Court for construction at the September Term, 1880. It was then held by a divided Court that after-acquired property did not pass under this will. Both the majority and minority opinions are published, and they discuss the question fully. That discussion need not be repeated here.

The question having again risen in this case upon a state of facts and pleadings involving no *res adjudicata*, the majority of the Court is of opinion

that the construction given in the case of *Sharpe* v. *Allen* is not the correct one, and that the case should not be allowed to stand as a precedent.

It is, therefore, overruled, and the will held to convey after-acquired property. The decree of the Chancellor is consequently reversed, with costs. In this conclusion Judge Turney and I do not concur. We think the former construction should be adhered to.