STATE, CYRUS ACKERSON, PROSECUTOR, v. REED J. WASHER, COLLECTOR OF TAXES, SPARTA TOWN-SHIP, SUSSEX COUNTY.

1. A farm, which was formerly two farms with buildings on each, is divided by the line between two townships; the owner resides on and tills the land in one township, while, by agreement with him, another person resides on and tills the land in the other township, *on shares.* *Held,* that the entire farm is taxable to the owner in the township where he resides.

2. The act of May 11th, 1886 (*Rev. Sup.*, p. 981), is not applicable; it applies where the land lying adjacent to the land on which the owner resides has been acquired by him since 1881 ; here the adjacent farm was purchased in 1867.

On *certiorari* to review tax assessed on land in Sparta township, Sussex county.

Argued at June Term, 1888, before Justices SCUDDER and REED.

For the prosecutor, *L. Van Blarcom.*

For the defendant, *M. Rosenkrans.*

The opinion of the court was delivered by

SCUDDER, J.    A general tax for the year 1887 was assessed on lands of the prosecutor, and the objection made to such assessment is, that the property was taxable, and the tax was levied and paid in another township.    The prosecutor owned a farm situated part in the township of Lafayette and part in the township of Sparta, Sussex county, containing two hundred and forty-five acres.    One hundred and twenty-four acres were in Sparta and one hundred and twenty-one acres in Lafayette. On the land in each township there was a dwelling-house, and the usual farm buildings.    In 1887 the prosecutor occupied the dwelling and buildings in Lafayette for his residence, and worked and occupied exclusively ninety-two acres of the farm

in that township; the residue, containing one hundred and fifty-three acres, whereof one hundred and twenty-four acres were in Sparta and twenty-nine acres in Lafayette, were worked on shares for the prosecutor by Clarkson D. Devore, who lived in the dwelling, and used the buildings for farming purposes. The entire farm of two hundred and forty-five acres was assessed in Lafayette at the valuation of $10,445, and this tax was paid to the collector; the portion lying in Sparta, one hundred and twenty-four acres, worked by Devore, was assessed there; an appeal was taken to the commissioners of appeal, who refused to relieve the prosecutor, and thereupon he procured this writ.

Section 6 of the act of April 11th, 1866 (*Rev.*, *p.* 1152, § 65), in defining where taxes shall be assessed, says, among other things, that " where the line between two townships or wards divides a farm or a lot owned or possessed by the person taxed, the same shall be taxed, if occupied, in the township or ward in which the occupant resides."

Who was the occupant of the part of the farm lying in Sparta, in 1887, and where did he reside? This must be answered by ascertaining the relation of the person who was in the dwelling house and tilling the land to the owner. He was there by an agreement to till and take a share of the products of the land as compensation for his skill and labor. Such a contract to farm land on shares is not a lease, constituting the relation of landlord and tenant; the parties thereby become joint croppers, or owners in common of the crops.

This has been held not to be the occupancy which is contemplated by this statute for the purpose of taxation. *State* v. *Hoffman*, 1 *Vroom* 346; *State* v. *Reinhardt*, 2 *Id.* 216; *State* v. *Jewell*, 5 *Id.* 259.

The owner is still the true occupant, and when he resides on the farm thus divided by the line between the two adjoining townships, the entire property is taxable to him in the township where he resides. *State* v. *Hay*, 2 *Vroom* 275; *Compton* v. *Dally*, 18 *Id.* 84; *Warren Mfg. Co.* v. *Warford*, 8 *Id.* 397.

It is claimed that since these decisions the law has been changed by statute, and that the land taxed is within its terms, and may be taxed in each township of the owner, so that each may get its due share of tax for the land within its boundaries. This act was passed May 11th, 1886 (*Pamph. L., p.* 348; *Rev. Sup., p.* 981), and reads thus: "Where a farm or tract of land, lying adjacent to lands on which the owner resides, shall be, or may heretofore, *since eighteen hundred and eighty-one,* have been acquired by such owner, by transfer separate from the transfer by which he acquired the lands on which he resides, such farm or tract so acquired shall not, by reason of the change of ownership, be assessed in the township where such owner resides, but shall be assessed in the township where the same is situate."

The farm worked on shares by Devore was conveyed to the prosecutor by David Ackerson and wife by deed dated April 1st, 1867; the part occupied exclusively by the prosecutor, in the township of Lafayette, was conveyed to him by Theodore Simonson, Special Master in Chancery, by deed dated March 25th, 1886. The prosecutor lived on the Ackerson farm from the time of purchase, April 1st, 1867, to April 1st, 1886, when he removed to the farm in Sparta township. The Ackerson farm lying adjacent to the lands on which the owner resided was not acquired by him, by separate transfer, since 1881, but in 1867. It is not, therefore, separate from the land whereon the owner of both farms resided in the township of Sparta, for the purpose of taxation, but still remains, as before the statute, liable to taxation with the land in Lafayette, in one assessment.

The assessment will be set aside, with costs.