In the Matter of the Judicial Settlement of the Account of Proceedings of THE EQUITABLE TRUST COMPANY OF NEW YORK, as Executor, etc., of DELLA E. V. MARTIN, Deceased.

THOMAS BOURKE (or BURKE) and Others, Appellants; THE EQUITABLE TRUST COMPANY OF NEW YORK, as Executor, etc., of DELLA E. V. MARTIN, Deceased, and Others, Respondents.*

First Department, June 23, 1930.

Leonard J. Obermeier of counsel [Alvin S. Rosenson and William C. Foster with him on the brief; George W. Cornell, attorney], for the appellants.

Thomas I. Sheridan of counsel [Daniel J. Madigan and Arthur F. Mullen with him on the brief; Hartman, Sheridan & Tekulsky and Arthur F. Mullen, attorneys], for the respondent James Burke.

SHERMAN, J. This controversy concerns the construction of a paragraph of the will of the testatrix, Della E. V. Martin, deceased, which will was written in her own hand. After making numerous specific legacies, the testatrix directed that "The balance of my estate or money derived from sale of stocks & Bonds to go to my nearest relatives last known address — descendants of Thomas Burke & his wife Mary Hayes, who were my parents — address Kilmore County Clare Ireland and others may be at Harvard Junction Harvard Illinois U. S. America to share alike. Should any one of above beneficiarys be not alive at my death the money must come back to estate to be used for my relatives."

The learned surrogate ruled that nieces and nephews of the testatrix were not included in the words "my nearest relatives," and that, therefore, the entire residuary estate passed to the sole surviving brother, James Burke, as the only person coming within the description of "nearest relatives." This ruling excludes the children or grandchildren of deceased brothers or sisters of the testatrix.

The court declined to receive extrinsic evidence to ascertain the meaning of the language as used by testatrix in this residuary clause, and the record contains nothing in this respect as an aid in determining her intention.

The decision seems to rest on the word "nearest." However, the intention of the testatrix should be gathered not by reliance solely on that word but by examining and construing the entire paragraph. The word "relatives" being plural indicates that testatrix had in mind more than one person as a residuary legatee. If she had intended that only James Burke should receive the residuary, she would have used the word "relative."

Nor can we disregard in this paragraph the words "others," "at Harvard Junction," and "to share alike.' They help to ascertain the actual intention of the testatrix and indicate that "nearest relatives" were qualified by the further description of those intended to be included within that term. The word "others" speaks for itself and clearly means some of the "nearest relatives." "At Harvard Junction" was inserted to indicate where to find the "others." It is important to observe that addresses

are inserted after the names of beneficiaries in other parts of the will. Moreover, testatrix finally refers to " my relat ves " in a sense which indicates a meaning synonymous with " my nearest relatives." The words " to share alike " unmistakably contemplate more than one person.

The Decedent Estate Law of New York recognizes children of a deceased brother or sister as having the same relation to the testatrix as a surviving brother, as far as inheritance goes. Our attention is called to the fact that heretofore an order was made approving the transfer tax proceedings whereby it was recited that one-fifth of the residue passed to the brother James Burke, and the balance to the children and grandchildren of decedent's brothers and sisters, and the transfer tax was fixed accordingly.

Taking into consideration the entire will, including the residuary paragraph, the conclusion is reached that the broader meaning rather than the technical one should be applied in determining the intention of the testatrix. The intention of the testatrix to include her nephews and nieces as beneficiaries under the residuary clause sufficiently appears from the will itself without taking further testimony.

Therefore, the decree of the surrogate should be modified so that the residuary estate shall be distributed to the descendants of the parents of the testatrix *per stirpes*, and as so modified affirmed.

FINCH, MERRELL, McAVOY and O'MALLEY, JJ., concur.

Decree modified so that the residuary estate shall be distributed to the descendants of the parents of the testatrix *per stirpes*, and as so modified affirmed. Settle order on notice.