LANE v. LANE et al.—120 S. W. (2d) 993.

Eastern Section.   March 18, 1938.

Petition for Certiorari denied by Supreme Court, October 8, 1938.

John M. Kelly, W. R. Henderson, and H. E. Cate, all of Knoxville, for appellant.

Judd Acuff, Harold Wimberly, and Henry Hudson, all of Knoxville, for appellees.

McAMIS, J. This case, here upon appeal of the complainant below, G. G. Lane, involves the construction of the will of C. B. Lane, deceased, and particularly the following clause:

"I desire to bequeath to my brother G. G. Lane the restaurant he is now operating at 801 West Fifth Avenue and that he have the same to use as his business for a period of ten years, but in the event he vacates said property, I desire the same to go to my son, Jack, but I desire my brother, G. G. Lane to have said property for ten years without paying any rent, providing he pays the taxes and keeps said property in good repair."

At the date of the execution of the will on December 17, 1933, complainant G. G. Lane, who was a brother of the testator, was, as stated in the will, operating a restaurant at 801 West Fifth Avenue. 801 West Fifth Avenue was one of several pieces of real estate owned by the testator on that date as well as on the date of his death on April 16, 1936.

Following the execution of the will complainant continued to occupy said premises as lessee of the testator, paying as rental for the use of the premises the sum of $26 per month, until September 7, 1934. On said date, at the request of the testator, he vacated the premises and sold his stock of goods and equipment to the new tenant of testator, Mrs. L. J. Dameron.

It appears that prior to the execution of the will, and over a period of several years, complainant had been associated with his brother C. B. Lane in the operation of a restaurant and a part of the time had been directly in his employ. There is nothing in the record indicating that complainant was requested to vacate the premises because of a change of feeling subsequent to the execution of the will or as the result of friction between the parties. There is evidence in the record tending to show that complainant was requested to vacate the premises for the purpose of enabling testator to obtain as a tenant for adjoining property the husband of the new lessee, Mrs. Dameron. It also appears that complainant remained an object of testator's affection and bounty until the date of the latter's death, as evidenced by the fact that complainant

occupied other property of testator at the time of his death for which he was not being charged any rent.

The testator left surviving him two adult children by a first marriage, the minor Jack Lane by his second marriage to the defendant Jessie Lane, and his widow, the defendant Jessie Lane, and also his brother, the complainant G. G. Lane. He had also other brothers and sisters who were not named beneficiaries under his will.

By other provisions of his will, testator provided for his wife during her widowhood and for all of his children.

The chancellor was of opinion and held that testator, by referring to the subject of the devise as "the restaurant which he (G. G. Lane) is now operating" related the devise to an actually existing state of facts and that testator's intentions should be arrived at and determined in reference to facts existing at the date of the execution of the will rather than at the death of testator; and that the contingency of occupancy by the devisee was abrogated by the removal of complainant from the devised premises between the date of the execution of the will and the date of testator's death. It was held, under this construction, that complainant had no right to occupy the premises free of rent for the period of ten years from the date of the death of testator, as insisted in the bill, and his bill was, accordingly, dismissed.

From the foregoing decree, complainant G. G. Lane has appealed to this Court and insists that the Chancellor should have construed the will to mean that, consistent with the general rule, the devise to complainant should take effect and become operative at testator's death and by its terms continue for a period of ten years thereafter, subject always, however, to termination of the right to further occupancy in event complainant should vacate the premises at any time during said period of ten years.

The rule at common law was that a will of real estate speaks as of the date of its execution. Nichols v. Todd, 20 Tenn. App. 564, 101 S. W. (2d) 486. By Code Section 8133 wills were required to be construed, in reference to the real and personal estate, to speak and take effect as if executed immediately before the death of the testator.

Under this statute many cases hold that a will speaks and takes effect as from the death of the testator, and not from its date unless its language, by fair construction, indicates a contrary intention. Among cases so holding are Jones v. Hunt, 96 Tenn. 369, 370, 34 S. W. 693, and Howell v. Moore, 14 Tenn. App. 594.

If, construing the will as a whole, a different purpose be disclosed, and it appear that the testator intended the objects of his bounty to be reckoned from the execution of the will, that purpose

and intention will be controlling in ascertaining who those objects were. Jones v. Hunt, supra.

In the will under consideration in the case last cited there was a residuary bequest to the children of certain named individuals, sisters and a brother of the testator, to be divided equally between them, share and share alike. The will expressly referred to a then existing fact, i. e., that said children "now reside in Louisiana." In construing the will the court said that while the mere place of residence was of no great moment in asscertaining the intention of the testator, there being no conflicting word or expression in the will, reference to their place of residence showed that all of the particular nephews and nieces so designated were thought of and provided for as persons then living and that each was in the mind of the testator, and intended to be included in the bequest. It was held that, under this construction, children of a nephew or niece who died between the date of the execution of the will and the date of the death of the testator should succeed to the share or interest their parent would have taken if living.

The court concluded [page 694] : "The word 'now,' as here used, manifestly relates to the date of the will, and, in connection with other parts of the item, fixes that as the time from which the number of original beneficiaries and shares are to be reckoned and ascertained. To deny it that office is, as we think, to blot it from the will altogether."

Following this case, the Chancellor held that the devise of restaurant "which he is now operating at 801 West Fifth Avenue" was referential to the date of the execution of the will and, since the restaurant was vacated prior to the death of testator and was not then being operated by him, it could not pass under the will. We are unable to agree with this conclusion of the learned Chancellor.

We are of opinion, rather, that the reference to the subject matter of the devise as the restaurant which the devisee "is now operating at 801 West Fifth Avenue" was merely descriptive of the thing devised, just as the reference in Jones v. Hunt, supra, to the legatees as children who "now reside in Louisiana" was intended, and held to be, descriptive of the particular nephews and nieces in the mind of the testatrix when the will was written. We find nothing in the terms of the will or the circumstances surrounding the testator at the time of its execution to support the conclusion that the will was intended to be construed as of the date of its execution rather than the date of the death of the testator. In deeds and wills affecting real estate it is not uncommon to refer to the property as being owned or occupied by a named individual and the context indicates that the use of the words "the restaurant which he

is now operating" was ancillary to the further and more definite description "801 West Fifth Avenue."

While not occupied by the same tenant, 801 West Fifth Avenue existed in the same form from the date of the execution of the will up to the death of the testator and answered the description of the subject matter of the devise by whoever and whether or not occupied at that time, and the devise is not to be defeated upon the theory of an ademption because of a mere change in occupancy between the date of the execution of the will and the death of the testator. Wiggins v. Cheatham, 143 Tenn. 406, 225 S. W. 1040, 13 A. L. R. 169.

We are further of opinion it was the intention of the testator that complainant should have the use of said property for a period of ten years from the date of testator's death without paying any rent provided he should pay the taxes and keep said property in good repair and use it without interruption as a place in which to conduct his business, but in event he should vacate said property at any time within ten years then the property should go to testator's son Jack. At the time of the execution of the will complainant occupied the premises as tenant of the testator paying rent at the rate of $26 per month and to construe the will as providing a forfeiture of the bequest to take effect at some future date when the will should become operative by reason of the death of the testator because of a cessation or termination in the relationship of landlord and tenant would, in our opinion, be a strained and unnatural construction. In the same sentence providing the contingency of vacation of the premises by complainant, it is expressly provided that in event of that contingency the property was to go to testator's son Jack, or, in effect, providing for a re-entry immediately by the owner of the remainder interest. This, of course, could not apply in case complainant vacated the premises during the lifetime of the testator.

Under the construction contended for by defendants the requirement that complainant remain in possession of the property without break or interruption from the date of the will would become a condition precedent to the right to take under the will. Such a construction is not favored.

"As between precedent and subsequent conditions, subsequent conditions are preferred in construction. If the performance of the condition may, by the terms of the will, happen when the estate vests, or after it vests, or if the will provides for performance after the property passes, or for performance by means of the property, such as payments out of the fund which is given, or if the gift is to fail or be diverted on breach of condition, the condition is prima facie subsequent. If performance by the terms of the will is to extend over a period of time, the condition is

treated as subsequent. A gift to A, to become a fee if A is capable of prudent control thereof at the end of twenty years, and, if not, to be a life estate, is upon condition subsequent.'' Page on Wills, Section 1131.

The will under consideration provides for performance of the condition of continued occupancy in respect to the very property devised and this over a period of ten years. We think it is quite clear that the primary purpose in the mind of the testator was to provide a place in which complainant could conduct his buisness so long as he chose to do so within a period of ten years from his death but in case complainant, for some unforeseen reason or because of his unwillingness to pay the taxes and keep the property repaired, should vacate the premises within ten years then it should go to his son Jack. By so providing testator removed the possibility that complainant, the first taker, might vacate the property before the expiration of ten years, leaving it to deteriorate for want of repairs and permitting taxes to accumulate. This appears to us the most reasonable and natural construction and is results that the decree of the Chancellor must be reversed and a decree entered here in accordance with the construction indicated herein.

Portrum and Ailor, JJ., concur.