In re ESTATE OF C.C. ROBISON, L.V. Dooley, Executrix,

v.

Buna CARTER, et al.

Loren ROBISON, Appellant,

v.

Eulah ROBERSON, Kenneth Roberson, Ronald Lee Roberson, Stanley Roberson, Ruby Ratliff, Nova Childers, Alma Griffin, and Judy Miller, Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville

Aug. 23, 1985.

Rehearing Granted Sept. 11, 1985.

Permission to Appeal Denied by Supreme Court Nov. 25, 1985.

George L. Lovell, Columbia, David Garretson, Monroe, Ohio, for appellant.

Thomas W. Hardin, Columbia, for appellees.

OPINION

KOCH, Judge.

This appeal arises out of a dispute over the construction of the residuary clause in the will of C.C. Robison, the brother of the appellant and the uncle of the appellees. The issue to be decided is whether the testator intended to give a portion of his residuary estate to any of his nieces and nephews if any of his brothers and sisters survived him. In granting the nieces' and nephews' motion for summary judgment, the Chancery Court for Maury County concluded that the testator intended that his nieces and nephews should take their deceased parents' share of the residuary estate by representation. The testator's sole surviving brother has perfected this appeal. For the reasons stated herein, we reverse the decision of the trial court.

## I.

Mr. C.C. Robison was a member of a family that included six brothers and sisters. He prepared and executed a one-page will with the assistance of counsel on April 18, 1977. Two of Mr. Robison's brothers had already died at the time this will was executed.[1] One of his sisters died after the will was executed but before Mr. Robison himself died.[2]

According to this will, the bulk of Mr. Robison's estate was left to Miss L.V. Dooley. Miss Dooley was also named in the will as his executrix. The residuary clause that forms the basis of this dispute provided:

As to my two Plymouth Automobiles and all the rest, residue, and remainder of my property, both real and personal and of every kind and character whatsoever and wheresoever situated, which I own or to which I may be entitled at the time of my death, I hereby give, devise, and bequeath to my closest living relatives, share and share alike.

Mr. Robison died on October 18, 1983, at the age of ninety-two. Apparently he left no wife or children. He was survived by Loren Robison, a brother and the appellant herein, and a sister, Buna Carter.[3]

The will was admitted to probate on November 2, 1983. However, a dispute arose between Loren Robison and Buna Carter on one hand and the children of the brothers and sister who had predeceased the testator on the other concerning the distribution of the residuary estate. It was at this point that the executrix sought the assistance of the trial court in resolving this dispute.

The trial court, hearing the case on the record alone, found that the term "relatives" as it was used in the residuary clause was void for uncertainty. Accordingly, the trial court determined that the testator had intended that

his estate be shared equally by those living brothers and sisters at his death, and if none were living, or if any be deceased, that the issue of those deceased brothers and sisters take the share of their deceased parent.

Therefore, the trial court directed that the residuary estate be divided into five equal shares and that Loren Robison receive one share with the remaining shares being divided between the children of the testator's four deceased brothers and sisters by representation.[4]

## II.

### The State of the Appellate Record

Before reaching the merits of this appeal, we turn our attention to the state of

---

1. Bascomb Roberson left four surviving children, and Sherman Roberson left three surviving children.

2. Delma Robison DeBusk left one surviving child.

3. Buna Carter died following the death of her brother. She left one surviving child. This child has not joined in Loren Robison's appeal.

4. The manner of this distribution is the same as that provided for in Tenn.Code Ann. Section 31-2-104(b)(3). However, we are unable to determine from this record whether the trial court took this statute into consideration when he made his decision.

the appellate record that has been filed in this Court.

This will construction case was decided by a summary judgment. Summary judgments are proper vehicles for disposing of cases that can be decided on legal issues alone because there are no disputed facts. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn.1981), and *Poppenheimer v. Bluff City Mobile Homes, Division of Bluff City Buick Co.*, 658 S.W.2d 106, 110 (Tenn.App.1983). Thus, they are uniquely suited to will construction cases since these cases generally involve legal issues only. Their scope of inquiry is limited to determining the intent of the testator from the will itself. *Burton v. Kinney*, 191 Tenn. 1, 5, 231 S.W.2d 356, 357–58 (1950); *Davis v. Price*, 189 Tenn. 555, 559, 226 S.W.2d 290, 292 (1950); and *Fisher v. Malmo*, 650 S.W.2d 43, 46 (Tenn.App.1983).

■ There are, however, instances when proof of the circumstances surrounding the execution of a will may be admissible to clarify ambiguities in the will's language. *Locke v. Davis*, 526 S.W.2d 455, 457 (Tenn. 1975), and *Mongle v. Summers*, 592 S.W.2d 594, 596 (Tenn.App.1979). When such proof is admitted in the context of a Tenn. R.Civ.P. 56 motion, it must meet the requirements of Tenn.R.Civ.P. 56.03 and 56.-05. See *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn.1978); *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 929 n. 5 (Tenn.App.1984); and *Keystone Insurance Co. v. Griffith*, 659 S.W.2d 364, 365–66 (Tenn.App.1983).

The trial court's final order in this case contains facts that do not appear in the appellate record lodged with this Court. Therefore, we can only assume that other proof was presented to the trial court that has not been embodied in this record. If this is the case, this record does not comply with Tenn.R.App.P. 24 and Tenn.R.Ct.P. 4(a) which require that all pleadings and

other evidentiary matters filed with the trial court on or before the hearing on a motion for summary judgment be included as part of the record on appeal.

■ This omission would normally result in a remand of this case for the purpose of completing the record. However, we have concluded that this will not be necessary in this case because the intent of the testator can be garnered from the language of the will itself. The will is a proper part of the record. Thus, according to Tenn.R.App.P. 2, we suspend the full and strict application of the rules pertaining to the contents of the appellate record.

## III.

### *The Intent of C.C. Robison*

■ Our primary purpose in this case is to discover from the will itself how C.C. Robison intended to dispose of his estate and then to give effect to his desires unless to do so would contravene some rule of public policy. *Harris v. Bittikofer*, 541 S.W.2d 372, 384 (Tenn.1976); *Martin v. Taylor*, 521 S.W.2d 581, 584 (Tenn.1975); and *Fisher v. Malmo*, 650 S.W.2d 43, 46 (Tenn.App.1983). The trial court's decision with regard to the testator's intentions is based upon its determination that the word "relatives" as it was used in the residuary clause is "void for uncertainty". It appears somewhat incongruous that the trial court would proceed to define what the testator's intent was when it had decided that one of the key words describing the class of persons who would take under the residuary clause was void.[5] We have determined that the trial court erred by basing its construction of this will on one word without considering the context in which the word was used.

■ Our construction of this will is based upon four rules of construction recognized by our courts:

**5.** Where a provision of a will is void for uncertainty, the trial court should declare that the property passes in accordance with Tenn.Code Ann. Section 31–2–104 as if the deceased died partially intestate. See *Pinkerton v. Turman*,

196 Tenn. 448, 454, 268 S.W.2d 347, 349–50 (1954). While the trial court's order has the effect of distributing the estate in accordance with the statute, it is not couched in terms of a finding of partial intestacy.

(1) every will is *sui geneis* and, therefore, reference to other cases is usually of little assistance; [6]

(2) a will should be construed to give effect to every word and clause contained therein; [7]

(3) the meaning of words used in a will should be determined with reference to the context in which the words are used as well as the entire will; [8] and

(4) a testator is presumed to have intended to dispose of his entire estate, and thus wills should be construed to avoid intestacy. [9]

With these rules in mind, we have determined that the purpose of the residuary clause can best be elucidated by considering two related phrases: "closest living relatives" and "share and share alike". We have also determined that this language clearly reveals that the testator intended that the property passing in accordance with the residuary clause go to a class of beneficiaries made up of those persons, living at the time of the testator's death, who were the most closely related by blood to the testator. Once the members of this class were identified, the testator intended that each member receive an equal share of his residuary estate.

**A.**

We have been unable to find any reported decisions construing the term "closest relative" when it is used in a will. However, there is a great body of precedent construing the term "nearest relative". [10] In the context of this case, the term "nearest" is sufficiently synonymous with the word "closest" that these precedents provide some assistance. [11] By the great weight of authority, the term "nearest relatives" has been construed to mean the class of persons who have the nearest degree of consanguinity to the testator. See *Haas v. Speenburgh*, 122 Misc. 458, 203 N.Y.S. 202, 204 (1924), and *Locke v. Locke*, 45 N.J.Eq. 97, 16 A. 49 (1888). See also 80 Am.Jur.2d *Wills*, Section 1194 n. 73 (1975); 95 C.J.S. *Wills*, Section 670b. (1957); and Annot., 100 A.L.R.2d 1069, Section 4[a] (1965).

The Court of Appeals of New York has applied these rules of construction in a case quite similar to the one before us. The residuary clause of the will involved in that case left the balance of the testator's estate to "my nearest relatives". The testatrix died leaving one surviving brother and numerous nieces and nephews. The trial court held that the testator's sole surviving brother was entitled to the residue of the estate. [12] The intermediate appellate court

**6.** *Fitchie v. Brown*, 211 U.S. 321, 333, 29 S.Ct. 106, 110, 53 L.Ed. 202 (1908); *Jones v. Hunt*, 96 Tenn. 369, 376–77, 34 S.W. 693, 695 (1896); and *Marsh v. Porch*, 35 Tenn.App. 62, 71, 242 S.W.2d 691, 695 (1951).

**7.** *Bell v. Shannon*, 212 Tenn. 28, 40, 367 S.W.2d 761, 766 (1963), and *First National Bank of Memphis v. Lewis*, 59 Tenn.App. 444, 452, 441 S.W.2d 71, 75 (1967).

**8.** *Third National Bank in Nashville v. First American National Bank of Nashville*, 596 S.W.2d 824, 828 (Tenn.1980), and *Patterson v. Alexander*, 509 S.W.2d 834, 835 (Tenn.1974).

**9.** *White v. Brown*, 559 S.W.2d 938, 940 (Tenn. 1977); *Sales v. Southern Trust Co.*, 182 Tenn. 270, 280, 185 S.W.2d 623, 627 (1945); *Chaille v. Warren*, 635 S.W.2d 700, 702 (Tenn.App.1982); and *Nashville Trust Co. v. Johnson*, 34 Tenn.App. 197, 204, 236 S.W.2d 100, 103 (1951).

**10.** The term "relative" when used alone may be construed to have a different meaning. Thus,

in order to avoid finding a provision of a will invalid, the Tennessee Supreme Court construed it to mean those persons who would inherit under the statutes governing intestate succession. *American National Bank v. Meaders*, 161 Tenn. 184, 185, 30 S.W.2d 246 (1930). However, the Court pointed out that its meaning could be changed depending upon the context in which it was used.

**11.** A distinction has also been drawn between the terms "near" and "nearest" which has application to the construction of "closest." Most authorities state that the use of the term "nearest", unlike "near", cuts off a *per stirpes* distribution, and thus, property should not be divided by representation. 4 W. Bowe & D. Parker, *Page on Wills*, Section 34.25 n. 6 (1961); 2 J. Alexander, *Commentaries on the Law of Wills*, Section 856 n. 21 (1918); and C. Sanger, *Construction of Wills*, at 140–41 (2d Ed.1912).

**12.** *In re Martin's Estate*, 135 Misc. 18, 237 N.Y.S. 529, 531 (1929).

reversed the decision and, like the trial court in this case, decided that the descendants of the testatrix's deceased brothers and sisters were entitled to share in the residuary estate *per stirpes*.[13] While the Court of Appeals of New York determined that the trial court should have permitted the requested introduction of extrinsic evidence concerning the testatrix's relationship with her relatives, it concluded

> In fact, only one member of the class, the brother James, was living as survivor of the class. In construing the will upon the record now before us, it appears that he is entitled to take the whole estate.
>
> *In re Martin's Will*, 255 N.Y. 248, 174 N.E. 643, 645 (1931).

Both parties in this case sought a disposition based upon a summary judgment. Since the record does not indicate that either party sought to introduce extraneous evidence, we see no need to remand this case for further proof.

The term "living" modifies the phrase "closest relatives". We find that by using this term, the testator intended to avoid the effect of Tenn.Code Ann. Section 32-3-104 and, therefore, to limit the class of beneficiaries to those "closest relatives" who were actually living at the time of his death. See 96 C.J.S. *Wills*, Section 695(6)c (1957). This is consistent with the rule of construction that a will speaks at the time of the testator's death. *Merchants and Planters Bank v. Myers*, 644 S.W.2d 683, 686 (Tenn.App.1982).

### B.

When used in a will, the phrase "share and share alike" has generally been construed not as words of disposition, *Bough v. King*, 167 F.Supp. 191, 194 (D.V.I.1958), and *Cahill v. Michael*, 381 Ill. 395, 45 N.E.2d 657, 662 (1942), but as an indication of the testator's desire to have the members of a class of beneficiaries, once they are identified, to take equal portions of the estate. *Succession of Lambert*, 210 La. 636, 28 So.2d 1, 8 (1946); *Jackson v. San-*

*ford*, 208 Ark. 888, 187 S.W.2d 945, 946–47 (1945); and *Jenne v. Jenne*, 271 Ill. 526, 111 N.E. 540, 543 (1916). See also 4 W. Bowe & D. Parker, *Page on the Law of Wills*, Section 36.10 (1961), and 96 C.J.S. *Wills*, Section 698 (1957).

The Tennessee Supreme Court has, on one occasion, construed the phrase "share and share alike" to indicate the testator's intent to have a distribution *per stirpes*. *Denison v. Jowers*, 192 Tenn. 356, 358, 241 S.W.2d 427, 428 (1951). However, in the provision being construed in that case, the testator stated that upon the death of the life tenant, the property

> shall go to my brothers and sisters, or their children if any of them should be dead and leave children, *share and share alike*.
>
> *Denison v. Jowers*, 192 Tenn. 356, 358, 241 S.W.2d 427, 428 (1951).

This language, when read in its entirety, clearly requires a distribution to nieces and nephews by representation. Similar language relating to the children of the testator's brothers and sisters does not appear in the residuary clause in this case. The Tennessee Supreme Court did not intend this construction of "share and share alike" to be the only meaning of the phrase because in other cases, when the phrase was used in a different context, the Court reached different results. *Third National Bank in Nashville v. Noel*, 183 Tenn. 349, 192 S.W.2d 825 (1946), and *Jones v. Hunt*, 96 Tenn. 369, 371, 34 S.W. 693, 694–95 (1896).

### C.

 Based upon the foregoing, we have concluded that by using the language "closest living relatives, share and share alike", the testator in this case intended more than to permit his residuary estate to be distributed in accordance with the laws of intestate succession. Giving effect to each of the testator's chosen words in the context in which they are used, we determine that the residuary clause can have no meaning other than that the testator de-

---

**13.** *In re Martin's Will*, 230 App.Div. 112, 243 N.Y.S. 603, 604 (1930).

sired that his residuary estate be distributed in equal shares to those persons who were his closest living blood relatives at the time of his death. The trial court, therefore, erroneously decreed that the estate passed *per stirpes*.[14] Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court with directions to enter an order distributing C.C. Robison's residuary estate in equal shares to Loren Robison and the estate of Buna Carter.[15]

The costs of this appeal are taxed to the estate of C.C. Robison.

TODD, P.J. (M.S.), and LEWIS, J., concur.

## OPINION ON PETITION FOR REHEARING

KOCH, Judge.

This Court filed its opinion in this case on August 23, 1985. After this opinion was filed, the clerk of this Court received and filed a motion by the appellees requesting this Court to consider the post-judgment fact that the appellant, Loren Robison, died on August 13, 1985 and to dismiss this appeal on the basis of mootness. We have determined that this motion should be treated as a petition for rehearing in accordance with Tenn.R.App.P. 39. The appellee claims that this case is now moot because with the death of the appellant, there is no longer a dispute concerning who should take under the residuary clause of C.C. Robison's will as his "closest living relatives." While we agree that the death of the appellant is a post-judgment fact we can consider, we do not agree that the appellant's death renders this case moot.

A will speaks at the time of the testator's death. *Merchants and Planters Bank v. Myers*, 644 S.W.2d 683, 686 (Tenn.App. 1982). Based upon this, we concluded in our earlier opinion that

the residuary clause can have no meaning other than that the testator desired that his residuary estate be distributed in equal shares to those persons who were his closest living blood relatives at the time of his death.

*In re Estate of C.C. Robison*, 701 S.W.2d at 222.

Two of C.C. Robison's siblings, Loren Robison and Buna Carter, survived him. Thus, we determined that they took under the residuary clause of the will to the exclusion of the nieces and nephews of the deceased. Mr. Loren Robison's death on August 13, 1985, does not change our holding in this regard. Just as Buna Carter's [1] estate will receive her share, so should Loren Robison's estate receive his share.

In accordance with Tenn.R.App.P. 19, we hereby direct counsel for the appellant to prepare and file with this Court a proper motion seeking to substitute Mr. Loren Robison's successor or representative as a party in this case.

Our opinion filed on August 23, 1985, is amended to delete the last sentence in its entirety and by substituting in lieu thereof the following:

Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court with directions to enter an order distributing C.C. Robison's residuary estate in equal shares to the estate of Loren Robison and to the estate of Buna Carter.[15]

---

**14.** The trial court's order premised upon a *per stirpes* distribution would also conflict with the testator's "share and share alike" language had all the testator's brothers and sisters predeceased him. In that event, the will provided that all nieces and nephews, being the "closest living relatives" would have received equal shares rather than inheriting through their parents by representation.

**15.** Loren Robison and Buna Carter were C.C. Robison's closest living relatives at the time of his death, and thus, are the only two members of the class of persons taken under the residuary clause. Since Buna Carter died after C.C. Robison, her estate receives her share of the estate.

**1.** Buna Carter died after C.C. Robison died but before this appeal was perfected.

The costs of this order are taxed to the Estate of C.C. Robison.

TODD, P.J. (M.S.), and LEWIS, J., concur.